**Mario ALMANZA, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 04–95–00930–CR.

Court of Appeals of Texas,
San Antonio.

March 19, 1997.

Rehearing Overruled April 10, 1997.

Laura Angelini, San Antonio, for appellant.

Robert Boyd Padgett, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

DUNCAN, Justice.

Mario Almanza was charged with and convicted of aggravated sexual assault. The trial court sentenced Almanza to ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Almanza argues that he was denied a fair trial due to the State's improper jury argument and that his conviction is void because he was denied effective assistance of counsel. We affirm.

### FACTUAL BACKGROUND

Almanza, along with several of his friends, orally and vaginally raped and beat Rosalinda Reyes. At some point, Almanza and his friends left Reyes, and she managed to walk to Broadway, where she came across a police officer. EMS was called and Reyes was transported to the hospital. Besides being raped, Reyes also suffered a broken jaw. Almanza, along with his co-defendant Raul Hernandez, were charged with aggravated sexual assault. At trial, Reyes identified Almanza as one of her attackers. Almanza was

convicted of the offense, and the trial court assessed punishment. Almanza appealed.

## JURY ARGUMENT

In his first four points of error, Almanza argues that he was denied a fair trial due to the State's improper jury argument. Almanza concedes that he did not object to the argument, however, and therefore argues that he falls outside the contemporaneous objection requirement because the State's argument was so extreme and manifestly improper, and so prejudicial, that an instruction to disregard would not have cured the harm. *See Harris v. State,* 827 S.W.2d 949, 963 (Tex.Crim.App.), *cert. denied,* 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). The court of criminal appeals has recently held, however, that this exception can no longer be sustained in view of Rule 52(a), TEX.R.APP.P., and the court's decision in *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). *Valencia v. State,* 946 S.W.2d 81, 82 (Tex.Crim. App.1997); *see also Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996) ("a defendant's failure to object to a jury argument ... forfeits his right to complain about the argument on appeal"); *Cockrell,* 933 S.W.2d at 89. Accordingly, we overrule Almanza's first four points of error.

## INEFFECTIVE ASSISTANCE

Almanza argues in his fifth point of error that he was denied effective assistance of counsel due to trial counsel's failure to object to the State's improper jury argument. We disagree.

The court of criminal appeals has adopted the test for ineffective assistance of counsel first enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Holland v. State,* 761 S.W.2d 307, 314 (Tex.Crim. App.1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); *Hernandez v. State,* 726 S.W.2d 53, 55–57 (Tex.Crim. App.1986). Under this two-pronged test, a convicted defendant must show that (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant to such a degree that he was deprived of a fair trial. *Holland,* 761 S.W.2d at 314; *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). "To show prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). The defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland,* 466 U.S. at 700, 104 S.Ct. at 2071; *see also Garcia v. State,* 887 S.W.2d 862, 880 (Tex. Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

We reject Almanza's ineffectiveness claim because he cannot establish prejudice under the second prong of the *Strickland* test. Even assuming trial counsel's performance was deficient, there is no showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. This is especially true in light of the fact that Reyes identified Almanza as one of the perpetrators. Accordingly, we overrule Almanza's fifth point of error and affirm the judgment.