TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00544-CR







Christopher Lessonger McKiver, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,445, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West
1994). The district court assessed punishment, enhanced by a previous felony conviction, at imprisonment
for forty years. In his only point of error, appellant contends the district court erred by overruling his motion
for new trial by which he alleged ineffective assistance of trial counsel. Finding this contention to be without
merit, we will affirm.

After work on December 22, 1995, the owner and several employees of Killeen Marble
were drinking beer and playing dice in the finishing shop when three masked men carrying firearms entered
the building. The men ordered the dice players to put their money on the table and lie on the floor. The
robbers fled when a fourth man opened the door and warned them that someone was coming. Although
the robbers' faces were covered, the participants in the dice game recognized two of them as appellant and
Randy Jones, both of whom were employed at Killeen Marble. The witnesses could not identify the other
robbers.

Appellant challenges four aspects of his trial lawyer's performance. Appellant contends
his attorney did not thoroughly investigate the facts of the case, was not familiar with applicable law, failed
to object to improper jury argument, and failed to secure a defensive jury charge. To prevail on this claim,
appellant must show that counsel made such serious errors that he was not functioning effectively as counsel
and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). The reasonableness of counsel's actions must be judged in the context of the trial and not in
hindsight. O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing
a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the
wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Appellant bears the burden of proving the ineffective counsel claim. Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985).


1. Investigation of facts

Appellant complains that his attorney did not interview the employees at Killeen Marble,
particularly Warren Skepple, one of the robbery victims who left the state soon after the crime. Warren
Skepple's brother, Chester Skepple, testified that his brother had felt pressure to identify appellant. 
Appellant also complains that his attorney did not interview the investigating police officers, did not seek
out the man known as "K.C." who was seen with Jones shortly before the robbery, and did not investigate
the photograph taken when a person used an ATM card stolen during the robbery.

Trial counsel testified at the new trial hearing that while he did not interview witnesses
personally, several of the witnesses were interviewed by the defense investigator. Counsel testified that,
in his experience, police officers will not talk to defense counsel and that, in fact, the police had refused to
discuss the case with the investigator. Counsel did read the police offense reports contained in the
prosecutor's file. The State introduced Warren Skepple's statement to the police in which he identified
appellant and Jones, saying only that he was not "100% sure" of his identification. Efforts by the defense
investigator to find "K.C." were unsuccessful. Counsel was aware of the ATM photograph and of the fact
that it did not appear to be appellant or Jones, but believed that this was of little significance because it was
known that two other men participated in the robbery. Counsel was of the opinion that appellant's best
defense was alibi, since he had several credible alibi witnesses.

Appellant did not demonstrate that his attorney's investigation of the facts fell below the
standard expected of reasonably effective counsel. Moreover, appellant produced no evidence at the new
trial hearing to indicate that further investigation by counsel would have uncovered exculpatory information. 
In this respect, appellant's claim of ineffectiveness fails both prongs of the Strickland test.


2. Knowledge of law

Randy Jones pleaded guilty to this robbery after appellant's trial. At the new trial hearing,
Jones testified that appellant was not involved in the crime. Appellant argues that trial counsel failed to
preserve his right to bring forward Jones's testimony as newly available evidence because he did not
attempt to call Jones as a witness at appellant's trial and thereby force Jones to assert his Fifth Amendment
privilege for the record. See Etter v. State, 679 S.W.2d 511, 514-15 (Tex. Crim. App. 1984). Counsel
was asked at the new trial hearing, "[D]oesn't the law require that you force a co-defendant to exercise
his Fifth Amendment right in order to use that as new trial evidence?" Counsel answered, "I've never heard
of that." Counsel did know that Jones would lose his Fifth Amendment privilege once he was tried and
finally convicted.

If counsel's failure to call Jones at appellant's trial foreclosed the possibility of bringing
forward his testimony as grounds for a new trial, we are not convinced that this constituted ineffective
representation under the circumstances. In Etter, relied on by appellant, defense counsel knew that the
codefendant would testify favorably to his client. In this cause, counsel had no such information. To the
contrary, Jones admitted at the new trial hearing that he did not tell anyone prior to appellant's trial that
appellant was innocent. Instead, Jones consistently asserted an alibi and claimed to have no knowledge
of the robbery. Because defense counsel had no reason to believe that Jones would plead guilty shortly
after appellant's trial and then change his story in a way favorable to appellant, counsel cannot be faulted
for failing to lay the groundwork for a motion for new trial based on Jones's newly available testimony.


 3. Prosecutorial argument

The evidence reflects that the four robbers were black. During jury argument at the guilt
stage, the prosecutor referred to Jones's "hip hop sort of body language and yo, yo, yo type of speech
pattern." Appellant contends in his brief that the term "hip hop" is "often associated with gangster rap,"
"angry black males," and "stereotypes of random violence and drugs." Appellant urges that his attorney
was ineffective because he failed to object to this racial comment.

At the time he made the remark in question, the prosecutor was discussing how the State's
witnesses were able to identify the masked gunmen. One of the witnesses testified that Jones, who said
"Yo, yo" when he entered, had a distinctive "bee bop kind of voice" and walked with a swagger. Another
witness, who was black, testified that Jones had a distinctive walk he described as "a brother gapping type
walk." Thus, the prosecutor's remarks appear to be a reasonable summary of the evidence. We find no
support in the record for appellant's suggestion that the prosecutor was appealing to racial prejudice and
that counsel was ineffective because he did not object.


4. Jury charge

Appellant contends without further argument or discussion that his attorney should have
requested an instruction on mistaken identity. We note, however, that the charge included an alibi
instruction by which the jury was told to acquit appellant if it found that he was "at another and different
place" and "was not and could not have been the person who committed" the charged offense. This
instruction was sufficient to protect appellant's rights.

For the reasons discussed, we conclude that appellant did not meet his burden of proving
ineffective assistance of counsel and that the district court did not abuse its discretion by overruling the
motion for new trial. The point of error is overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Do Not Publish



 Counsel was aware of the ATM photograph and of the fact
that it did not appear to be appellant or Jones, but believed that this was of little significance because it was
known that two other men participated in the robbery. Counsel was of the opinion that appellant's best
defense was alibi, since he had several credible alibi witnesses.

Appellant did not demonstrate that his attorney's investigation of the facts fell below the
standard expected of reasonably effective counsel. Moreover, appellant produced no evidence at the new
trial hearing to indicate that further investigation by counsel would have uncovered exculpatory information. 
In this respect, appellant's claim of ineffectiveness fails both prongs of the Strickland test.


2. Knowledge of law

Randy Jones pleaded guilty to this robbery after appellant's trial. At the new trial hearing,
Jones testified that appellant was not involved in the crime. Appellant argues that trial counsel failed to
preserve his right to bring forward Jones's testimony as newly available evidence because he did not
attempt to call Jones as a witness at appellant's trial and thereby force Jones to assert his Fifth Amendment
privilege for the record. See Etter v. State, 679 S.W.2d 511, 514-15 (Tex. Crim. App. 1984). Counsel
was asked at the new trial hearing, "[D]oesn't the law require that you force a co-defendant to exercise
his Fifth Amendment right in order to use that as new trial evidence?" Counsel answered, "I've never heard
of that." Counsel did know that Jones would lose his Fifth Amendment privilege once he was tried and
finally convicted.

If counsel's failure to call Jones at appellant's trial foreclosed the possibility of bringing
forward his testimony as grounds for a new trial, we are not convinced that this constituted ineffective
representation under the circumstances. In Etter, relied on by appellant, defense counsel knew that the
codefendant would testify favorably to his client. In this cause, counsel had no such information. To the
contrary, Jones admitted at the new trial hearing that he did not tell anyone prior to appellant's trial that
appellant was innocent. Instead, Jones consistently asserted an alibi and claimed to have no knowledge
of the robbery. Because defense counsel had no reason to believe that Jones would plead guilty shortly
after appellant's trial and then change his story in a way favorable to appellant, counsel cannot be faulted
for failing to lay the groundwork for a motion for new trial based on Jones's newly available testimony.


 3. Prosecutorial argument

The evidence reflects that the four robbers were black. During jury argument at the guilt
stage, the prosecutor referred to Jones's "hip hop sort of body language and yo, yo, yo type of speech
pattern." Appellant contends in his brief that the term "hip hop" is "often associated with gangster rap,"
"angry black males," and "stereotypes of random violence and drugs." Appellant urges that his attorney
was ineffective because he failed to object to this racial comment.

At the time he made the remark in question, the prosecutor was discussing how the State's
witnesses were able to identify the masked gunmen. One of the witnesses testified that Jones, who said
"Yo, yo" when he entered, had a distinctive "bee bop kind of voice" and walked with a swagger. Another
witness, who was black, testified that Jones had a distinctive walk he described as "a brother gapping type
walk." Thus, the prosecutor's remarks appear to be a reasonable summary of the evidence. We find no
support in the record for appellant's suggestion that the prosecutor was appealing to racial prejudice and
that counsel was ineffective because he did not object.


4. Jury charge

Appellant contends without further argument or discussion that his attorney should have
requested an instruction on mistaken identity. We note, however, that the charge included an alibi
instruction by which the jury was told to acquit appellant if it found that he was "at another and different
place" and "was not and could not have been the person who committed" the charged offense. This
instruction was sufficient to protect appellant's rights.

For the reasons discussed, we conclude that appellant did not meet his burden of proving
ineffective assistance of counsel and that the district court did not abuse its discretion by overruling the
motion for new trial. The point of error is overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed