Melvin Leon JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 535–93, 536–93 and 537–93.

Court of Criminal Appeals of Texas, En Banc.

June 1, 1994.

Jan Krocker (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Rikke Burke Graber & Linda Hood, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

Before the court en banc.

## OPINION OF STATE'S PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant, Melvin Leon Jackson, guilty of three counts of robbery. *See* Tex.Penal Code § 29.02(a)(2). After appellant pleaded true to two enhancement allegations, the trial court assessed punishment at 55 years imprisonment. The Thirteenth Court of Appeals reversed, holding that appellant was denied his Sixth Amendment right to the effective assistance of counsel. *Jackson v. State*, 850 S.W.2d 834 (Tex.App.— Corpus Christi 1993). We granted the State's petitions for discretionary review,[1] pursuant to Texas Rule of Appellate Procedure 200(c)(3), to determine whether the court of appeals erred in holding that appellant's trial counsel was ineffective due to his failure to challenge a venire member who eventually was seated on the jury.

The evidence at appellant's trial showed that, on three separate occasions in 1991, appellant entered a convenience store in Houston. On each occasion, appellant told the clerk he had a gun, filled a box with multiple cartons of cigarettes, and then left the store.

During voir dire, the trial judge asked the venire members whether any of them had been robbery victims. In response to the judge's question, venire member John Supin-

ski stated that he had been the victim of a robbery. Supinski elaborated:

> Someone broke into my house while we were sleeping. And I had a litter of Sheep puppydogs and they stole one of them. We were not actually confronted but that break-in while we were there—

After the trial judge explained the legal difference between a robbery and a burglary, the following exchange occurred between the judge and Supinski:

> THE COURT: So my question to you is, would the fact of having an assailant in your home while you were asleep, is that going to impact on your impartiality in this trial?
>
> Supinski: I would have to say it probably would.

Appellant's trial counsel did not challenge Supinski for cause, nor did he use a peremptory challenge against Supinski. As a result, Supinski eventually was seated on the jury, in the twelfth and last slot.

Another venire member, Helen Hartsfield, told the trial court:

> I was involved in an armed robbery. I was held at gunpoint. So this is a sensitive issue for me.

The following exchange then occurred between the trial judge and Hartsfield:

> THE COURT: So you're talking about the nature of the indictment is such that you don't feel that you would be fair in this case, though you would be fair in some other type of unrelated offense?
>
> Hartsfield: Yes.

Appellant's trial counsel neither peremptorily struck Hartsfield nor challenged her for cause. However, because Hartsfield was situated 29th in the array of venire members, and because of duplicate strikes by appellant's trial counsel and the prosecutor, she missed being seated on the jury by one slot.

A third venire member, Kathleen Deltoro, told the trial court that her car had been stolen and that her father's car had been stolen at gunpoint. In response, the trial

---

1. We simultaneously granted petitions for discretionary review from the Harris County District

Attorney and the State Prosecuting Attorney.

court asked Deltoro whether those incidents might impact her impartiality as a juror. Deltoro's first response was equivocal. When pressed for a "yes" or "no" answer, she replied:

> To be fair to [appellant], I'd have to say no then, because it was pretty recent that it happened.

Appellant's trial counsel later questioned Deltoro about the incidents which she had related to the trial court, and asked her whether she could be fair and impartial in spite of them. Upon asking her that question, appellant's trial counsel was reminded by the trial court that Deltoro had previously stated that she would not be able to be fair and impartial. Deltoro was later removed for cause, although the record does not indicate whether she was removed upon motion of one of the parties, or whether the trial court removed her *sua sponte*.

The court of appeals held that the failure of appellant's trial counsel "to strike jurors who expressed bias that weighed against appellant, coupled with the impaneling of [Supinski]," rendered his assistance ineffective under the Sixth Amendment. The court of appeals cited the relevant test for determining claims of ineffective assistance, that found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After citing *Strickland,* however, the court of appeals stated that "[t]he thought occurs to us that perhaps we have so often used these standards to judge ineffective assistance of counsel claims that we have come to regard these as pegs to hang our hats on in our hesitance to find representation to be ineffective." *Jackson v. State,* 850 S.W.2d at 837. The court of appeals then stated that "there is such a thing as 'ineffective assistance of counsel' and, while we should tread softly in finding it to exist ... we should adopt an attitude expressed by one United States Supreme Court justice who observed concerning obscenity, 'I can't define it but I know it when I see it.'"[2] *Id.* at 837–38.

The court of appeals also distinguished *Delrio v. State,* 840 S.W.2d 443 (Tex.Crim. App.1992), in which we held that a trial counsel's assistance was not ineffective when he failed to strike or challenge, in a trial for cocaine possession, an ex-narcotics officer who knew the defendant and stated that he could not be impartial. The court of appeals cited as distinguishing characteristics of *Delrio* the fact that the unchallenged venire member and the defendant in that case were of the same race, and the possibility that, as an ex-narcotics officer, the unchallenged venire member might have been more favorable toward the defendant in assessing punishment.

The State now argues, in its petition for discretionary review, that the court of appeals erred in its analysis of appellant's ineffective assistance claim. The State argues that the court of appeals misapplied *Strickland.* Specifically, the State argues that the court of appeals improperly shifted the burden of proof for demonstrating ineffective assistance from appellant to the State, by requiring "the State to establish a valid strategic decision [for not striking venire member Supinski], rather than requiring the defense to show the lack of one." The State also argues that the court of appeals improperly distinguished the instant case from *Delrio.*

The State Prosecuting Attorney argues that the court of appeals essentially abandoned the *Strickland* test in favor of the "amorphous 'standard' of 'I can't define it but I know it when I see it.'" The State Prosecuting Attorney also argues that the court of appeals misapplied *Delrio* in distinguishing it from the instant case. Finally, the State Prosecuting Attorney argues, like the District Attorney, that the court of appeals placed the burden for showing ineffective assistance on the wrong party.

■ The proper standard for determining claims of ineffective assistance under the Sixth Amendment is the standard adopted by

---

**2.** This language originated with Justice Potter Stewart, in a concurring opinion in *Jacobellis v. Ohio,* 378 U.S. 184, 196–98, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964). In discussing the meaning of the term "hard-core pornography," Justice

Stewart wrote: "I shall not today attempt further to define the kinds of material I understand to be embraced within that shorthand description; and perhaps I could never succeed in intelligibly doing so. But I know it when I see it." *Id.*

the United States Supreme Court in *Strickland*. We adopted the *Strickland* standard in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim.App.1986). In *Strickland*, the Supreme Court adopted a two-pronged analysis for claims of ineffective assistance. Under the first prong, the defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Under the second prong, the defendant must show that counsel's deficient performance prejudiced the defense. *Id*. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. at 2068. Under the *Strickland* test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689, 104 S.Ct. at 2065.

We held in *Delrio* that a trial counsel's failure to challenge a venire member who had voiced his lack of impartiality did not constitute ineffective assistance under *Strickland*. 840 S.W.2d 443. In *Delrio*, the venire member, Johnny Martinez, told the trial court that he was an ex-narcotics officer, and that he knew the defendant, who was on trial for a drug offense, from his work as a narcotics officer. Martinez then told the trial court that he could not be impartial in the defendant's trial. Defense counsel, however, failed to challenge Martinez for cause and then failed to use a peremptory challenge against him. We speculated as to why defense counsel may have refused to remove Martinez from the venire, mentioning the possibility that defense counsel may have sought to keep Martinez because he and the defendant were both Hispanic, and that defense counsel may have thought that Martinez, as an ex-narcotics officer, might be more lenient in assessing punishment. Noting that the record was silent as to the reasons for defense counsel's decision not to challenge Martinez, and citing the strong presumption in *Strickland* against a finding of ineffective assistance, we determined the record insufficient to overcome that presumption.

▮ The record in the instant case is also silent as to why appellant's trial counsel failed to challenge venire member Supinski. We could speculate as to why appellant's trial counsel decided not to challenge or strike Supinski, as we did in *Delrio*,[3] but there is no need to do so. The speculations we offered in *Delrio* were not material to our determination that counsel in that case had not been proven ineffective. To hold trial counsel's decision not to strike or challenge venire member Supinski in the instant case as ineffective assistance would also call for speculation. The record in the instant case lends no support for such holding.

The first prong of *Strickland* is not met in the instant case. Due to the lack of evidence in the record concerning trial counsel's reasons for not challenging or striking venire member Supinski, we are unable to conclude that appellant's trial counsel's performance was deficient. "Consistently with *Strickland*, we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'" *Delrio*, 840 S.W.2d at 447. The record in the instant case contains no evidence to rebut that presumption.

The court of appeals erred in distinguishing *Delrio* from the instant case based on the speculations we offered in *Delrio*. Those speculations were not material to our holding

---

3. We did not speculate in the abstract in *Delrio;* rather we offered some suggested reasons why trial counsel might not have stricken the venirepersons in that case, to demonstrate why the court of appeals erred in engaging or conceiving of a strategy themselves. *See Delrio*, 840 S.W.2d at 446–47.

in that case. *Delrio* is controlling precedent in the instant case.

■ The court of appeals also erred in ignoring the strong presumption mandated by *Strickland* in favor of a determination that counsel's decision "might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Additionally, the actions of appellant's trial counsel regarding venire members Hartsfield and Deltoro are not material to our determination of whether appellant's trial counsel was ineffective, since neither were seated on the jury.

■ Finally, the court of appeals erred in incorporating into its analysis the principle, "I can't define it but I know it when I see it." The two-pronged standard for claims of ineffective assistance promulgated by the Supreme Court in *Strickland* is clear and well-articulated, and we adopted this standard in *Hernandez.* We see no reason to depart from or revisit that standard.

We conclude that appellant has not met his burden of showing that his trial counsel's assistance was ineffective. The record is insufficient to support the conclusion reached by the court of appeals. We hold that the court of appeals erred in its application of the *Strickland* standard, and we REVERSE the judgment of that court and AFFIRM the judgment of the trial court.

BAIRD, Judge, concurring.

This case stands for a very simple proposition: As a general rule, one should *not* raise an issue of ineffective assistance of counsel on direct appeal.[1] This is so because a trial record is generally insufficient to address claims of ineffective assistance of counsel in

light of the "strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

This case proves the rule. As the majority correctly states:

The record in the instant case is ... silent as to why appellant's trial counsel failed to challenge venire member Supinski. We could speculate as to why appellant's trial counsel decided not to challenge or strike Supinski ... but there is no need to do so.... To hold trial counsel's decision not to strike or challenge venire member Supinski in the instant case as ineffective assistance would also call for speculation. The record in the instant case lends no support for such holding.

... Due to the lack of evidence in the record concerning trial counsel's reasons for not challenging or striking venire member Supinski, we are unable to conclude that appellant's trial counsel's performance was deficient....

Majority opinion, 877 S.W.2d at 771–772.[2]

A trial record is directed to the issues of guilt/innocence and punishment. And we review that record with an eye toward the errors allegedly committed in relation to those issues. However, in order to effectively argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial or appellate counsel should be developed. Such a record is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus.[3] For example, in *Ex parte Menchaca,* 854 S.W.2d 128, 130 (Tex.Cr.App.1993), the habeas judge conducted a hearing and

---

1. As with every general rule, there are exceptions. *See, e.g., Vasquez v. State,* 830 S.W.2d 948 (Tex.Cr.App.1992).

2. Today, the majority correctly recognizes that much of this Court's opinion in *Delrio v. State,* 840 S.W.2d 443 (Tex.Cr.App.1992), was speculation, immaterial to the ultimate holding in that case. Majority opinion, 877 S.W.2d at 771–772. While I continue to adhere to my dissent in *Delrio, Id.* 840 S.W.2d at 447, I also adhere to the doctrine of *state decisis. Ex parte Porter,* 827

S.W.2d 324, 327 (Tex.Cr.App.1992) (Baird, J., dissenting).

3. One may also develop such a record at the hearing on a motion for new trial. *Reyes v. State,* 849 S.W.2d 812 (Tex.Cr.App.1993). However, in most cases this will be impractical because the time constraints for filing a motion for new trial, Tex.R.App.P. 31, do not provide for adequate investigation. Further, the trial record will generally not be transcribed and, therefore, unavailable for preparation for and use at the motion for new trial hearing.

entered findings of fact and conclusions of law on the claim of ineffective assistance of counsel. In such instances, we can better gauge the effectiveness of counsel's representation by reviewing the record from the writ hearing as well as the habeas judge's findings and conclusions, all of which are directed to the representation issue.[4] Indeed, in the past, certain members of this Court have specifically called for this type of hearing rather than making such determinations from "a cold record." *Craig v. State*, 825 S.W.2d 128 (Tex.Cr.App.1992) (Benavides, J., dissenting, joined by McCormick, P.J., and White, J.); *and, Vasquez v. State*, 830 S.W.2d 948 (Tex.Cr.App.1992) (Benavides, J., dissenting, joined by McCormick, P.J., and White, J.).

In the instant case, because the record is insufficient to overcome the strong presumption of *Strickland* that trial counsel's conduct falls within the wide range of reasonable professional assistance, I am compelled to join the majority opinion.[5]

OVERSTREET, J., joins this opinion.

MALONEY, Judge, concurring.

While it is my opinion that appellant's trial counsel failed to satisfy an objective standard for reasonable performance, because the record lacks any evidence that the second prong of *Strickland* was met, I can only concur in the result.

Under the first prong of *Strickland*, counsel's performance must meet "an objective standard of reasonableness". *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App.1989). Appellant was indicted for robbery. At voir dire, three prospective jurors who were recent victims of crime (burglary or robbery) stated that they could not be fair, but would be biased against appellant. I believe there can be no other conclusion than that the failure to strike or challenge these venireper-

sons was not objectively reasonable. While counsel could conceivably have had some peculiar and unapparent reason for not striking a single prospective juror who stated he was biased against the defendant, *Delrio v. State*, 840 S.W.2d 443 (Tex.Crim.App.1992), it is inconceivable that counsel would have had such cause not to strike three venirepersons who stated they could not be impartial due to their bias against the defendant. *See Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim. App.1985) (adequacy of representation viewed in light of totality).

State Prosecuting Attorney filed a document in this case entitled "State's Petition for Discretionary Review and Brief in Support Thereof." Our rules do not contemplate or authorize such a document. *See,* Tex.R.App.P. 202(d).

---

4. In most instances the pertinent portions of the trial record will be introduced at the writ hearing.

5. I pause to note that neither the State's brief nor the brief of the State Prosecuting Attorney comply with Tex.R.App.P. 74(a). Additionally, the