IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-632-CR





GUSTAVO CARDENAS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT



NO. CR93-0098B, HONORABLE DICK ALCALA, JUDGE PRESIDING



 





PER CURIAM

 After a jury was selected and sworn, appellant elected to plead guilty to four counts
of delivering heroin. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.112,
1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since amended). 
The jury assessed punishment for each count, enhanced by a previous felony conviction, at
imprisonment for seventy-five years and a $250 fine. Appellant brings forward two points of
error, both complaining of ineffective assistance of counsel.

 When a defendant pleads guilty before a jury in a felony case, the only issue before
the jury is punishment. Wilkerson v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987). Thus,
appellant's contention that counsel was ineffective must be judged by the standard announced in
Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). See Ex parte Cruz, 739 S.W.2d 53,
58 (Tex. Crim. App. 1987). Under that standard, a defendant is entitled to counsel reasonably
likely to render and rendering reasonably effective assistance. Duffy, 607 S.W.2d at 514 n.14. 
A defendant is not entitled to errorless counsel and counsel's representation must be considered
in its totality. Cruz, 739 S.W.2d at 58.

 Dr. Wilton Jones, an expert in "addiction medicine," was called by the defense to
testify about the nature of heroin addiction in general and appellant's addiction in particular. 
During the course of Jones's testimony, defense counsel unsuccessfully sought to introduce in
evidence a psychological test of appellant administered by one of Jones's associates. Appellant
contends that counsel's inability to secure the admission of this exhibit constituted ineffectiveness. 
Appellant has failed to demonstrate, however, that the exhibit was in fact admissible. Absent such
a showing, there is no basis for concluding that counsel's performance was deficient in this
regard.

 Appellant next complains of trial counsel's failure to object when a former San
Angelo police officer testified that, in his opinion, appellant is not a peaceful and law-abiding
person. Appellant contends that the witness was not qualified to give this testimony because he
admitted being unfamiliar with appellant's reputation in the community. Under the rules of
criminal evidence, a defendant's character may be proved at the penalty phase by reputation or
opinion testimony. Tex. R. Crim. Evid. 404(c), 405(a). That the witness did not know
appellant's reputation did not render him incompetent to state his opinion of appellant's character,
and counsel was not ineffective for failing to object on that basis.

 Appellant's remaining complaints are directed to counsel's abandonment of certain
pretrial motions, his failure to object when one particular venire member was excused, and his
failure to make a Batson objection. (1) Because the record is silent as to the reasons for counsel's
abandonment of the pretrial motions, appellant has failed to demonstrate that counsel's action
constituted ineffectiveness. See Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994). 
Similarly, the record does not reflect why counsel agreed to excuse the venire member, but we
believe that he could have reasonably decided that appellant would not benefit by insisting that the
venire member serve on the jury despite her obvious reluctance to do so. Finally, the record
reflects that counsel did not make a Batson objection because he believed that there was no basis
for it. Appellant makes no effort to show that counsel was mistaken in that belief. Point of error
one is overruled.

 In point of error two, appellant urges that he is entitled to a new trial because the
prosecutor and trial court "were derelict in their duty to assure that appellant was afforded
effective counsel." Because appellant has failed to show that defense counsel was ineffective, this
contention is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 9, 1994

Do Not Publish

1.   Batson v. Kentucky, 476 U.S. 79 (1986).