TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00381-CR







Arthur Garza Zuniga, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0212-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of six counts of indecency with a child and seven
counts of aggravated sexual assault. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987
Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended); Act of May 26, 1987,
70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987,
70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). For each count of indecency with a child, the jury assessed punishment at
imprisonment for twenty years and a fine of either $1000 or $10,000. For each count of
aggravated sexual assault, the jury assessed punishment at imprisonment for ninety-nine years and
a fine of either $1000 or $10,000.

 The complainants were a boy and two girls who were, at the time of trial, thirteen,
eleven, and eight years old respectively. The two mothers of the complainants lived with
appellant at different times. The evidence reflects that the children were approximately five to
seven years old at the time the offenses were committed.

 In his only point of error, appellant contends he received ineffective assistance of
counsel at trial because his attorney did not cross-examine the three complainants. The record
reflects that defense counsel passed each complaining witness without questioning after conferring
with appellant.

 To prevail on his claim of ineffective assistance of counsel at the guilt stage,
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
We must indulge a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).

 Appellant did not file a motion for new trial and the record is silent as to why
counsel failed to cross-examine the complainants. While it is unnecessary for us to speculate as
to counsel's reasoning, it is possible that defense counsel feared that cross-examination of the
complainants would evoke a negative reaction from the jurors toward appellant. Certainly, trial
counsel was in a better position than this Court to make this tactical decision, and on this record
we must presume that his decision not to cross-examine was an exercise of reasonable professional
judgment. Id. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 8, 1996

Do Not Publish



0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00381-CR







Arthur Garza Zuniga, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0212-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of six counts of indecency with a child and seven
counts of aggravated sexual assault. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987
Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended); Act of May 26, 1987,
70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987,
70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). For each count of indecency with a child, the jury assessed punishment at
imprisonment for twenty years and a fine of either $1000 or $10,000. For each count of
aggravated sexual assault, the jury assessed punishment at imprisonment for ninety-nine years and
a fine of either $1000 or $10,000.

 The complainants were a boy and two girls who were, at the time of trial, thirteen,
eleven, and eight years old respectively. The two mothers of the complainants lived with
appellant at different times. The evidence reflects that the children were approximately five to
seven years old at the time the offenses were committed.

 In his only point of error, appellant contends he received ineffective assistance of
counsel at trial because his attorney did not cross-examine the three complainants. The record
reflects that defense counsel passed each complaining witness without questioning after conferring
with appellant.

 To prevail on his claim of ineffective assistance of counsel at the guilt stage,
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
We must indulge a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).

 Appellant did not file a motion for new trial and the record is silent as to why
counsel failed to cross-examine the complainants. While it is unnecessary for us to speculate as
to counsel's reasoning, it is possible that defense counsel feared that cross-examination of the
complainants would evoke a negative reaction from the jurors toward appellant. Certainly, trial
counsel was in a better position than this Court to make this tactical decision, and on this record
we must presume that his decision not to cross-examine was an exercise of reasonable professional
judgment. Id. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed