NUMBER 13-99-527-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARGARITO ZUNIGA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 370th District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 A jury found appellant, Margarito Zuniga, guilty of aggravated
assault, and he was placed on ten years community supervision and
assessed a $5,000 fine. By two points of error appellant complains he
was denied effective assistance of counsel because his counsel did not
investigate and present an alibi defense. We affirm.

 The State's evidence showed that Jose Tovar was in front of his
home when appellant and some of appellant's relatives attacked him. 
Tovar's wife saw appellant hit him on the head with a tree trunk. The
defense called as its only witness appellant's sister, who testified that
appellant was not present during the assault.

 Appellant filed a motion for new trial based upon ineffective
assistance of counsel. At the new-trial hearing appellant's mother,
brother, and wife testified that appellant was not involved in the attack
and that his counsel, Michael Garza, did not interview them before trial. 
Another witness testified that she had told Garza that appellant was not
involved, but that Garza did not want her to testify.

 Michael Garza testified that he prepared for an alibi defense by
reading the offense report and victim's statement, talking to appellant,
and visiting the crime scene. Appellant told Garza that he was not
involved in the attack. In preparing appellant's defense Garza talked to
appellant's mother, wife, brother, sister, and another relative and got
conflicting stories about appellant's presence during the assault. He
testified that he could tell by these stories that they were not being
truthful. He did not call them to testify because he believed they would
lie. He let appellant's sister testify because he thought that she would
not lie. He stated that she perjured herself. He did not call appellant to
testify because he had a "violent past."

 To prevail on a claim of ineffective assistance of counsel the
accused must first show that counsel's performance was deficient, and
then show that the deficient performance prejudiced his defense. See
Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining
whether an accused has met the first prong we must decide whether
the record shows that counsel made errors so serious that he was not
functioning as the "counsel" guaranteed by the Sixth Amendment. See
id. at 687. We must presume counsel's actions and decisions were
reasonably professional and were motivated by sound trial strategy. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
The accused must show that counsel's performance was unreasonable
under the prevailing professional norms and that the challenged action
was not sound trial strategy. See Stafford v. State, 813 S.W.2d 503,
506 (Tex. Crim. App. 1991).

 Counsel investigated the alibi defense and discovered conflicting
stories about appellant's involvement in the assault. Counsel's decision
to present only one witness to support the alibi defense was sound trial
strategy considering his conclusion that appellant's family members
were not telling him the truth and that appellant had a violent past. We
hold that appellant failed to meet the first prong of the Strickland test. 
We overrule the points of error and affirm the judgment. 


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 22nd day of November, 2000.