NUMBER 13-00-165-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________


RONALD DOUGLAS WILDER , Appellant,


v.


THE STATE OF TEXAS , Appellee.

_______________________________________________________________


On appeal from the Criminal District Court No. 3 of 

Dallas County, Texas.

_______________________________________________________________


O P I N I O N


Before Justices Dorsey, Rodriguez, and Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted by a jury of delivery of one gram or more, but less than four grams of cocaine. His punishment
was assessed by the trial judge at confinement for twelve years and a fine of $1,000. The appeal brings three points of
error, the first two of which are:

POINT OF ERROR NO. 1: The evidence was factually insufficient to prove that appellant was the person who delivered
the cocaine.


POINT OF ERROR NO. 2: Appellant received ineffective assistance of counsel when counsel misinformed him that he
could not receive probation if he entered a guilty plea in the case.

In examining the merits of point number one, we will examine all of the evidence impartially and set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). When we consider the claim of ineffective assistance of counsel, we will be
guided by the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1974). This test provides that in order to
establish ineffective assistance of counsel, we will require appellant to show (1) that counsel's performance was deficient,
i.e., that his assistance fell below an objective standard of reasonableness, and (2) that by a reasonable probability, but for
counsel's unprofessional errors, the result of the proceeding would have been different. See Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986).

The only testimony heard by the jury came from two Dallas undercover police officers. One of the officers made a "buy" of
crack cocaine from a person, whom he identified in court to be appellant, several days before an arrest was made. (2) The
officers had gone to the location where the buy was made in response to a complaint from a city official of drug dealing
from a house in the vicinity. After the buy, one of the officers went to his office and prepared a "John Doe" warrant (3)

 for the arrest of the person from whom he had made the purchase. Subsequently, these two officers returned to the house
near where the purchase was made, which was the suspected location of a drug operation. This time they purchased more
cocaine from inside the house. Later, on this same day, a group of police officers executed a search warrant on the house
and one member of this group recognized appellant who was across the street from the house. He recognized appellant
based upon the description in the "John Doe" warrant. Appellant was shown to the officer who had made the original buy,
and his identity was confirmed by that officer. Both of the testifying officers identified appellant as the person who had
arranged their original purchase.

Appellant did not testify and did not call witnesses. The lab report was stipulated.

Appellant's brief attacks the State's evidence because, inter alia, (1) the description of appellant on the "John Doe" warrant
contained physical statistics which were different from those gathered when appellant was booked into jail both by age and
weight; (4)

 and (2) the officers could not remember what appellant was wearing on the day of the offense.

Appellant cites Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000) to support his ground of error. His reliance on
Johnson is misplaced. In Johnson the only eye witness to the assault was the victim who was blindfolded during most of
the event and whose testimony in court was punctuated with such statements as "I cannot tell a hundred percent that it is
him, but I am positive," together with her admission that she had been shown the defendant's picture on several occasions
during the investigation and that she had not identified him from the pictures. Johnson 23 S.W.(3d) at 5-6. The two eye
witnesses who identified appellant in this case did not equivocate. Even if there were conflicting evidence, we would be
bound by the rule that "unless the available record clearly reveals a different result is appropriate, an appellate court must
defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution
often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was
delivered." Johnson, 23 S.W.(3d) at 8. We overrule point of error one. 

Point of error two claims ineffective assistance of counsel because appellant's 

trial counsel misinformed him that he could not receive probation if he entered a guilty plea in the case. The indictment in
this case alleged the primary offense and an enhancement paragraph which alleged a prior felony conviction for burglary. 
Before trial, the State offered appellant a plea bargain for five year's confinement based upon a plea of guilty. The record
shows that in open court defense counsel advised appellant that if a jury found the enhancement count to be true, then the
jury could not give probation. This point of error argues that "although defense counsel advised appellant that he 'would not
be eligible for probation' if the enhancement paragraph were true, in fact he would have been probation eligible had he
pleaded guilty and asked the court to assess punishment."

The statement made by trial counsel to appellant was accurate. The record does not show that trial counsel, either in court
or otherwise, did not advise appellant of all of his options. A claim of ineffective assistance must be firmly rooted in the
record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. Stone v. State, 17 S.W.3d 348, 350 (Tex. App. - Corpus
Christi 2000, pet. ref'd). We overrule point of error number two.

Appellant's third and final point of error states:

The trial court abused its discretion in permitting the state to introduce evidence of an extraneous offense and search that
occurred shortly before appellant's arrest and which suggested to the jury that appellant was a drug dealer by association.
The evidence heard by the jury reflected that appellant was arrested in the same area in which the original purchase of
cocaine was made eight days earlier. On the second occasion, the officers who made the original purchase returned to the
same location and went into a house located there where they made a purchase of cocaine. On this occasion they saw
appellant across the street. Later in the day, on the second occasion, appellant was seen by other officers who executed a
warrant on the house in question and, while there, identified appellant from the description in the "John Doe" warrant for
his arrest. Appellant was arrested by this second set of officers and was taken to the officer who made the "John Doe"
warrant to be identified. At trial, the State did not offer evidence that appellant was dealing drugs on the day of his arrest or
that he was in the company of drug dealers.

Evidence of extraneous offenses that are indivisibly connected to the charged offense and necessary to the state's case in
proving the charged offense may be admissible as relevant evidence to explain the context of the offense for which the
defendant is on trial. Lockhart v. State, 847 S.W.2d 568, 571 (Tex. Crim. App. 1992). There was no abuse of discretion by
the trial court in permitting this evidence to be heard by the jury. Point three is overruled and we AFFIRM the judgment of
the trial court.



NOAH KENNEDY

Retired Justice



Do not Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 5th day of July, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Actually, appellant acted as an agent in this "buy." He flagged down the person with the cocaine, took the officer's
money to him, came back and gave the cocaine to the officers, and charged five dollars for his services.

3. A "John Doe" warrant is one issued for the arrest of a person whose name is unknown. It contains information about the
physical appearance of the person to be arrested.



4. The estimate of appellant's age was off by six years and the estimate of weight was off twenty pounds, however, there is
nothing in the record to reveal how the "book-in" statistics were gathered.