TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00087-CR







Ronald Carver, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR99-298, HONORABLE CHARLES F. CAMPBELL JR., JUDGE PRESIDING







Appellant Ronald Carver pleaded guilty to sexual assault. See Tex. Pen. Code Ann.
§ 22.011 (West Supp. 2002). After hearing evidence, the jury assessed punishment at imprisonment
for two years and a $10,000 fine. Appellant's sole complaint on appeal is that the attorney who
represented him at trial and who filed the notice of appeal failed to file a motion for new trial, and
thus deprived appellant of a fair opportunity to develop a record with regard to counsel's
effectiveness at trial. Appellant points to three possible errors by counsel at trial, but concedes that
on the present record he cannot overcome the presumption that counsel was acting effectively. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant asks this Court to abate
the appeal and remand for a hearing to determine whether counsel's failure to file a motion for new
trial was the result of a conflict between his own self-interest and the best interests of appellant on
appeal.

Appellant has been represented by retained counsel throughout this proceeding. The
motion to substitute present counsel for the attorney who represented appellant at trial was received
by this Court six months after appeal was perfected. We must presume that appellant's original
counsel discussed with appellant the merits of filing a motion for new trial and that appellant decided
against it. Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). The only authority cited
by appellant is an unpublished order by another court of appeals remanding for a conflict of interest
hearing after the attorney who represented the appellant at trial filed a brief on appeal contending that
he was ineffective. Even if this order had precedential value, the circumstances shown are factually
distinguishable from those presented in the present cause.

The abatement request is denied. Appellant may pursue the question of trial counsel's
effectiveness by postconviction writ of habeas corpus. See Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997).

Appellant's brief does not assert reversible error. The judgment of conviction is
affirmed.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 22, 2002

Do Not Publish