NUMBER
13-01-816-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

CHRISTOPHER
CARPENTER,                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

     On appeal from the 117th District Court
of Nueces County, Texas.

 

 

                          MEMORANDUM OPINION

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 








Following a jury trial,
appellant, Christopher Carpenter, was found guilty of one count of indecency
with a child[1]
and two counts of sexual assault of a child.[2]  The jury assessed punishment at two years in
the Texas Department of Criminal JusticeB Institutional
Division.  In a single issue, appellant
argues he was denied effective assistance of counsel because of his counsel=s failure to object to
the admission of certain evidence.  We
affirm.

As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1.

Standard of Review

We review ineffective
assistance claims under the two-part test set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984), and Bone v. State, No.
0473-00, 2002 Tex. Crim. App. LEXIS 129, at *8 (Tex. Crim. App. June 19,
2002).  That test requires the appellant
to show that: (1) counsel's performance fell below an objective standard of
reasonableness under prevailing norms; and (2) there is a reasonable
probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. Bone, 2002 Tex. Crim. App. LEXIS
129, at *8.  A Areasonable probability@ is one sufficient to
undermine confidence in the outcome.  Id.  We examine the totality of the
representation, as reflected in the record, in making this determination.  Jackson v. State,  877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  Appellate courts apply a strong
presumption that counsel's actions fell within the range of reasonable
professional assistance.  Bone, 2002
Tex. Crim. App. LEXIS 129, at *9.  The
appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence.  Id. at
*8. 








As the court of criminal
appeals recently noted, "[u]nder normal circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so
deficient and so lacking in tactical or strategic decisionmaking as to overcome
the presumption that counsel=s conduct was reasonable
and professional.@  Id. at *9-10.  A>[I]n the majority of
cases, the record on direct appeal is simply undeveloped and cannot adequately
reflect the failings of trial counsel.=@  Id. at *10 (quoting Thompson v.
State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) (to defeat the
presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness@)). 

Appellant contends he
was denied effective assistance of counsel because of his counsel=s failure to object to
certain alleged hearsay testimony, including: (1) testimony by the victim=s mother concerning what
her son told her about appellant=s conduct and what the
victim told her about appellant=s conduct; and (2)
testimony by Dr. Norma Ramirez, a school administrator, concerning what the
victim told her regarding the alleged incidents.

Appellant filed a motion
for new trial, alleging he was entitled to a new trial because of Anewly discovered
evidence@ and in the interest of
justice.  The motion does not allege
appellant was denied effective assistance of counsel.  








On December 21, 2001, a
hearing was held on appellant=s motion.  The evidence and arguments at the hearing
were limited entirely to the grounds urged in the motion, i.e., a new
trial should be granted because of Anewly discovered
evidence@ and in the interest of
justice.  The Anewly discovered
evidence@ was the identity of a
student, whose statement and testimony alleged that in 1999, the victim had
falsely accused him of sticking his hand down her blouse at school.  At the hearing, the Anew@ witness testified, as
well as appellant=s trial counsel.  The State presented testimony from a school
official regarding the witness=s testimony.  Appellant=s trial counsel testified regarding how and when he
learned of the witness=s identity and the
nature of his testimony.  No argument was
raised and no testimony was presented regarding any allegation of ineffective
assistance or trial counsel=s failure to object to
alleged hearsay testimony at trial.     

The record before us
does not reveal trial counsel=s reasons for not
objecting to the alleged hearsay testimony. 
We have reviewed the record and hold that it wholly fails to Aaffirmatively
demonstrate the alleged ineffectiveness.@  Id. at *10 (quoting Thompson v.
State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).  AGiven the presumption of
effectiveness and the great deference we give to decisions made by defense
counsel, we see nothing in the present record that would compel us to find
counsel ineffective.@  Id. (quoting Johnson v. State, 68
S.W.3d 644, 655 (Tex. Crim. App. 2002)). 


We overrule appellant=s sole point of error
and AFFIRM the judgment.   

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

29th day of August, 2002.

 











[1]Tex.
Pen. Code Ann. ' 21.11 (Vernon Supp. 2002).





[2] Tex.
Pen. Code Ann. ' 22.011 (Vernon Supp.
2002).