NO. 07-04-0563-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 8, 2005

_____

RONNIE LEE GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15369-0402; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Ronnie Lee Gonzales, appeals from a conviction, pursuant to a guilty plea, of aggravated sexual assault of a child and two counts of indecency with a child by contact and jury sentence of 65 years confinement and a $10,000.00 fine. Overruling appellant's issues, we affirm.

Appellant was indicted for aggravated sexual assault of a child and two counts of indecency with a child, alleged to have occurred on December 10, 2003. The child in

question was the four and one-half year old daughter of appellant's girlfriend.  Trial counsel was hired by appellant and the case proceeded to trial.  Appellant entered a plea of guilty and a jury was selected to assess punishment.

Appellant presents a single issue claiming that the failure of appellant's counsel to strike venireperson Tirey from the jury constituted ineffective assistance of counsel requiring reversal.   We disagree.

To prevail on a claim of ineffective assistance of counsel, appellant must meet the two pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as the applicable standard under Texas Constitution).  Appellant must first demonstrate that the performance of counsel was deficient.  To succeed in this regard, appellant must show that counsel's representation fell below an objective standard of reasonableness when viewed at the time of counsel's conduct and compared to prevailing professional norms.  See Strickland, 466 U.S. at 687-91.   Additionally, appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for the errors of counsel. Id. at 694.  A reasonable probability is one that undermines confidence in the outcome. Id.  We begin with a presumption that counsel rendered adequate assistance.  McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).  Appellant, then, has the burden to prove that counsel's assistance was ineffective by a preponderance of the evidence. Patrick v. State, 906 S.W.2d 481, 495 (Tex.Crim.App. 1995).  We review the totality of the representation  to determine counsel's effectiveness

2

and any allegations of ineffectiveness must be firmly founded in the record. <u>Thompson v. State</u>, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant contends that counsel neither requested that venireperson Tirey be struck for cause nor used a peremptory challenge on Tirey and that this failure constituted ineffective assistance of counsel mandating reversal. Counsel asked each venireperson to designate what they thought was the most important purpose of punishment from a list of three purposes. Tirey opined that protection of society is most important. Appellant contends, on appeal, that this answer and the fact that Tirey was the newly elected County Attorney for Hale County should have been a warning to counsel that Tirey would do everything in his power to incarcerate appellant, yet counsel did nothing to try and disqualify him for cause. However, this argument ignores several important facts in the record. First, 26 members of the jury panel answered the question exactly or substantially the same as Tirey. Second, there is no evidence in the record that Tirey, or any of the other venirepersons, could not be fair and impartial. Rather, appellant assumes that since Tirey is the newly elected County Attorney he is inherently biased. Such an assumption is not supported by the record and, therefore, appellant has not met his burden. <u>Patrick</u>, 906 S.W.2d at 495. Third, a review of the total record reveals that counsel disqualified three other members of the jury panel for not being able to consider the entire punishment range. This is some indication that counsel was representing appellant in a manner consistent with prevailing professional norms. Further, the record contains numerous pretrial motions and trial objections upon which counsel was able to obtain favorable rulings.

3

Finally, appellant finds fault in the failure of counsel to use a peremptory challenge against Tirey. However, appellant's contention is no more than an invitation to second guess the trial strategy of counsel. The appellant has the duty to present a record with evidence of the reasons that the allegedly ineffective assistance was not trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). If the record does not present evidence of the reasons for the questioned actions or omissions, then the appellate court would have to speculate as to the reasons. Id. A decision based on speculation would be based on no evidence. Id. As the record before us is silent regarding the reasons counsel did not use a peremptory challenge against Tirey, we will not speculate as to what those reasons were or what trial strategy was being employed by counsel.

In short, the totality of the circumstances do not reveal that counsel's performance fell beneath objective standards of reasonableness. Strickland, 466 U.S. at 690. Accordingly, appellant cannot meet the first prong of Strickland. Inasmuch as appellant has failed to show that counsel's actions were deficient, there is no need to conduct the harm analysis. See TEX. R. APP. P. 47.1

The judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

4