COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHNNIE DEMPSEY WOOD, | § | |
| | | No. 08-07-00001-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 394th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Brewster County, Texas |
| | § | |
| Appellee. | | (TC# 3801) |
| | § | |

## **O P I N I O N**

This is an appeal from a conviction of a family violence assault and aggravated assault. Appellant was sentenced to 15 years' and assessed a penalty fine of $5,000 for family violence assault and sentenced to 30 years' and assessed a penalty fine of $5,000 for aggravated assault. In one issue on appeal, Appellant argues he was denied effective assistance of counsel. We affirm.

On October 16, 2006, Appellant was charged with family violence assault and aggravated assault for an incident that occurred on May 20, 2006. Appellant was living with his girlfriend Michele Miller at her mother Sheila Smith's house. Ms. Miller testified that Appellant threw an open pocket knife at her and grazed her pants. They then went into the kitchen where Appellant hit Ms. Miller in the arm and chest with his fist. He continued hitting Ms. Miller, next in the forehead with brass knuckles, and finally, he hit her with a baseball bat on her right shin. A jury convicted Appellant of two counts of family violence assault, and one count of aggravated assault for the attack on Ms. Miller.

In one issue on appeal, Appellant argues that he was denied effective assistance of counsel during trial. We review claims of ineffective assistance of counsel under a two-pronged test. First, an appellant must establish counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Mallet*, 65 S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallet*, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).

We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. An allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999); *see Jackson*, 877 S.W.2d at 771. In the majority of instances, this task is extremely difficult because "the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 813-14. When faced with a silent record as to counsel's strategy, this Court will not speculate as to the reasons for

counsel's actions. *See Jackson*, 877 S.W.2d at 771. The Court of Criminal Appeals in *Thompson*, further advised that "[a]n appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions--whether those actions were of strategic design or the result of negligent conduct." *Thompson*, 9 S.W.3d at 814.

Appellant complains that his counsel was ineffective for "open[ing] the door" to extraneous offenses during the guilt/innocent phase of the trial and not objecting to them under TEX.R.EVID. 404(b) and 403. The first instance occurred during Ms. Miller's cross-examination. Defense counsel asked Ms. Miller about an altercation with Appellant, which took place prior to the May 2006 assault, and resulted in Ms. Miller moving out of the residence where Appellant was living at the time. Based on this line of questioning by defense counsel, the State requested and was allowed to examine Ms. Miller about the prior assault. The second instance took place during Appellant's own direct-examination. Defense counsel asked Appellant when he first met Ms. Miller. During his response, Appellant stated that he became acquainted with Ms. Miller after he met her ex-boyfriend while he was incarcerated in 2005 for drug and firearm possession. Appellant contends that trial counsel should not have opened the door to the extraneous offenses and should have objected to their presentation to the jury. Therefore, Appellant concludes that he was denied effective assistance of counsel.

In this case, Appellant did not file a motion for new trial to challenge the alleged ineffectiveness of his counsel. The record before this Court does not contain trial counsel's explanations of the reasons for the inaction alleged as error, therefore it will be difficult for

Appellant to rebut the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. Appellant fails to cite and we were unable to find any case supporting the conclusion that trial counsel's action or inaction in this instance would rebut the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. Appellant's issue is overruled.

The judgment of the trial court is affirmed.

December 18, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)