

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-17-00103-CR

___

PAMELA J. LOFTUS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2015-2343-C2, Honorable Matt Johnson, Presiding

___

September 11, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Pamela J. Loftus, was convicted of driving while intoxicated. In three points of error, appellant challenges the sufficiency of the evidence to support her conviction and the effectiveness of her trial counsel. We will affirm.

___

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Background

On August 12, 2015, a Woodway police officer observed a vehicle traveling at a high rate of speed, with its headlights flashing off and on and its left and right turn signals alternately activated. Using his radar, the officer determined the vehicle was traveling at ninety-two miles per hour in a sixty-mile-per-hour zone. He stopped the vehicle and identified the driver as appellant. He observed signs of intoxication and two open containers of vodka in appellant's car. After field tests indicated appellant was intoxicated, the officer placed her under arrest.

Appellant was charged and convicted by a jury of the offense of felony driving while intoxicated. The jury assessed punishment at ten years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $1,000 fine.

Discussion

Issue 1: Sufficiency of evidence establishing prior convictions

In her first issue, appellant asserts that the evidence was insufficient to establish she had previously been convicted two times for driving while intoxicated. A person commits the offense of felony driving while intoxicated when (1) the party was intoxicated while driving and (2) the party has at least two prior convictions for "any other offense related" to driving while intoxicated. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2017). "Any other offense" includes the offense of driving while intoxicated, as described in section 49.04(a). *Id.* at § 49.09(c)(1)(A). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and the defendant is linked to that conviction. *Flowers v. State*, 220

2

S.W.3d 919, 921 (Tex. Crim. App. 2007). Under Texas substantive law, the fact of a prior conviction does not have to be proven in any specific manner; any type of evidence might suffice. *Id*. at 921-22.

At trial, the State presented fingerprint records and court records from Travis County as evidence to establish appellant's prior DWI convictions. The fingerprint tech supervisor from the Austin Police Department testified that her office kept arrest records, including fingerprints, for people booked into the Travis County jail. She identified State's Exhibits 2 and 3 (and others) as copies of fingerprints of "Pamela Joy Loftus." The fingerprint cards included the name "Pamela Joy Loftus," and other identifying information, such as race, sex, hair color, eye color, height, weight, birthdate, Social Security number, and Texas driver's license number.

Next, a captain from the McLennan County Sheriff's Department testified that he took appellant's fingerprints in connection with the instant case. He identified State's Exhibit 21 as the fingerprint card he took from appellant. He further testified that he compared the impressions he took from appellant with the impressions on the Austin Police Department fingerprint cards (State's Exhibits 2 and 3), and concluded that the impressions were all made by appellant. State's Exhibit 2 was dated October 6, 2010; State's Exhibit 3 was dated October 13, 2010.

The captain also identified State's Exhibits 4 and 5, which were judgment packets for 2011 judgments in which a defendant named Pamela Joy Loftus was found guilty of the offense of driving while intoxicated in Travis County, based upon her plea of guilty. One offense was committed on October 6, 2010, and one on October 13, 2010. The judgment packets did not contain fingerprint cards. They reflected that the defendant,

3

Pamela Joy Loftus, was a white female (like appellant) and had the same date of birth as appellant. The Texas state identifying number on State's Exhibit 4 matched the one on State's Exhibit 5, linking appellant to both exhibits.

State's Exhibits 4 and 5 both included a "motion to revoke community supervision" and "defendant's plea of true" to the motion. The motions to revoke were both based on the State's allegation that "Pamela Joy Loftus" committed the offense of driving while intoxicated on August 12, 2015, in McLennan County. The motions further alleged that the defendant had two open containers of vodka in her possession at the time of her arrest.

In addition to this documentary proof, there was testimonial evidence linking appellant to the two prior DWI convictions. Appellant's parole officer testified that appellant had been convicted of two DWI felonies in Travis County. The parole officer did not know the cause numbers for those offenses. The officer who arrested appellant testified that when he ran her information, he discovered that she had four prior convictions for DWI.

Appellant has not pointed to any evidence that would tend to contradict the finding that she had previously been convicted of driving while intoxicated. Instead, she argues that the State did not link the prior convictions to her because the evidence of those convictions did not include fingerprints. However, fingerprints are not required to link a defendant to a prior conviction. *See id.* at 921, 925 (State proved up prior DWI conviction even though conviction document did not include appellant's fingerprints). As the Court of Criminal Appeals explained in *Flowers*, the evidence presented may be likened to pieces of a jigsaw puzzle, where the pieces alone may have little meaning, but when put

4

together, form a picture showing that the defendant is the same person who committed the alleged prior offense. *Id.* at 923.

After reviewing the evidence, we conclude that the record contains sufficient information linking appellant to two prior convictions for driving while intoxicated. We accordingly overrule appellant's first issue.

Issue 2: Ineffective assistance of counsel; hearsay

In her second issue, appellant contends that her trial counsel was ineffective because he failed to object to a portion of an exhibit offered into evidence by the State. Specifically, appellant argues that her trial counsel was ineffective for allowing the State to introduce hearsay contained within State's Exhibit 4. Part of State's Exhibit 4 was the affidavit for warrant of arrest and detention related to the October 6, 2010 DWI. The affidavit included the name, race, sex, and date of birth of the alleged offender. Appellant's trial counsel unsuccessfully objected that the document had not been properly authenticated, but did not object to the contents of the exhibit. Appellant urges that the arrest affidavit contained testimonial statements and was not admissible. She further argues that she was harmed by the admission of the affidavit, since it included the birthdate linking appellant to the judgment. Appellant suggests that without that link, the State would not have been able to establish one of the elements of the offense.

To prevail on an ineffective assistance of counsel claim, a party must prove that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We indulge a strong presumption that counsel's

5

conduct fell within the wide range of reasonable assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Even if we were to assume that trial counsel performed deficiently in failing to make a hearsay objection, appellant has not shown that a successful objection would have changed the outcome of her trial. Appellant was linked to the prior judgments not only by her birthdate on the arrest affidavit, but by in-court testimony and the motion to revoke probation and appellant's plea of true to the allegations in the motion. Because the jury had additional information from which it could have identified appellant as the person convicted for the two referenced offenses, we cannot conclude that the result of the proceeding would have been different, as required under *Strickland*. *See Strickland*, 466 U.S. at 694. We therefore overrule appellant's second issue.

Issue 3: Ineffective assistance of counsel; jury selection

In her third issue, appellant maintains her trial counsel was ineffective because he failed to challenge for cause two prospective jurors during voir dire. Specifically, appellant asserts that two venire members, Karen Blanco and John Malone, were subject to a challenge for cause because they indicated they could not be fair toward appellant due to their previous experiences with drunk drivers, yet her trial counsel did not move to strike either of them for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006) (a challenge for cause may be made to a juror who has a bias or prejudice in favor of or against a defendant). However, appellant's trial counsel exercised two of his peremptory strikes on Blanco and Malone, and neither served on the jury.

Again, we apply the standard set forth in *Strickland* when reviewing the effectiveness of counsel. Under that standard, appellant must show her counsel's

6

performance was deficient and that the deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 687-88, 694.

We will first analyze whether appellant has satisfied the second prong of the *Strickland* test. Appellant claims she can establish prejudice because her trial counsel used peremptory strikes on Blanco and Malone that could have been used elsewhere. However, she does not state that there were other jurors she would have chosen to remove from the panel by those strikes, nor does she identify those jurors, nor does she suggest that she was forced to accept objectionable jurors. *See Holland v. State*, 761 S.W.2d 307, 318 (Tex. Crim. App. 1988) (no showing of harm where complaining party does not show he was forced to accept objectionable juror); *Callaway v. State*, 818 S.W.2d 816, 838 (Tex. App.—Amarillo 1991, pet. ref'd) (same). Because appellant has not demonstrated how the claimed misuse of two peremptory challenges harmed her, she has failed to show that she was prejudiced or that the outcome of her trial would have been different. We therefore reject appellant's ineffectiveness claim because she has not satisfied the second prong of the *Strickland* test. Appellant's third issue is overruled.

Conclusion

The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.