NUMBER 13-00-438-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MICHAEL JOSHUA GUTIERREZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 28th District Court of Nueces County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Yañez


 Appellant, Michael Joshua Gutierrez, was found guilty of capital murder by a jury and was sentenced to life in prison. We
affirm.

Factual and Procedural Background

 On September 29, 1998, following a 9-1-1 call from appellant, emergency medical technicians arrived at appellant's
apartment, where they found appellant and his twenty-month-old son, who was lying on the floor. The child was
unconscious, and was ultimately taken to Driscoll Children's Hospital, where he was declared dead. According to the police
officers who spoke to appellant at the scene, appellant gave several versions of what had occurred. Appellant later gave
two written statements at the police station and was placed under arrest. 

 Appellant filed a motion to suppress the second of the two written statements made at the police station. Following a
hearing, the trial court denied the motion. The case proceeded to trial. At trial, appellant's counsel did not challenge that
appellant had actually harmed the victim, but rather argued that the child's death was a result of reckless conduct, and did
not merit a conviction for capital murder. The jury found appellant guilty of capital murder. Sentence was imposed by the
court at life in prison. Appellant challenges his conviction with three issues.

The Motion to Suppress

 In his first issue, appellant argues that the trial court erred in admitting in evidence the statements he made at the police
station as well as possessions seized by the police. Nowhere in his brief does appellant explain what possessions were
seized. Appellant offers no argument pertaining to any possessions and directs us to no place in the record dealing with
seized possessions. Therefore, appellant has waived his complaint concerning his seized possessions. Tex. R. App. P.
38.1(h). We now address the admissibility of appellant's statements.

 A trial court's decision on a motion to suppress is reviewed under an abuse of discretion standard. Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996);Zarychta v. State, 44 S.W.3d 155, 163 (Tex. App.-Houston [14th Dist.] 2001,
pet. ref'd); Zavala v. State, 956 S.W.2d 715, 723 (Tex. App.-Corpus Christi 1997, no pet.). An appellate court should give
almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial
court's fact findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997); Zarychta, 44 S.W.3d at 163. A trial court may believe the testimony of the State's witnesses and
discount the testimony of the witnesses for the defense. Zavala, 956 S.W.2d at 723. Appellate courts should also give
almost total deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of
law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. Guzman,
955 S.W.2d at 89; Zarychta, 44 S.W.3d at 163. Appellate courts apply a de novo standard of review to "mixed questions of
law and fact" not falling within this category. Guzman, 955 S.W.2d at 89; Zarychta, 44 S.W.3d at 163. If the trial court
does not file findings of fact and conclusions of law, the appellate court presumes the trial court made findings necessary to
support its ruling so long as those implied findings are supported by the record. Zarychta, 44 S.W.3d at 163;State v.
Simmang, 945 S.W.2d 219, 221-22 (Tex. App.-San Antonio 1997, no pet.). Appellant first argues that his statements at the
police station were the product of an illegal arrest. (1) Appellant argued at the suppression hearing that his statements should
be excluded because after he was arrested he was not taken before a magistrate without unnecessary delay. See Tex. Code
Crim. Proc. art 14.06 (Vernon Supp. 2001). However, even when there has been an unreasonable delay in presenting an
arrestee before a magistrate, such delay will not vitiate an otherwise voluntary confession if the arrestee was properly
advised of his Miranda rights. Jones v. State, 944 S.W.2d 642, 649 (Tex. Crim. App. 1996); Cantu v. State, 842 S.W.2d
667, 680 (Tex. Crim. App. 1992); Zarychta, 44 S.W.3d at 163. In the instant case, the record shows that appellant was
warned of his Miranda rights before he gave any statements, and each of the statements contains the Miranda warnings,
which are also required under the Texas Code of Criminal Procedure. Tex. Code. Crim. Proc. art. 38.22 § 2(a) (Vernon
1979). The statements were signed and initialed by appellant. Even assuming that appellant was, in fact, under arrest at the
time he gave his statements at the police station, and further assuming that there was an unnecessary delay in bringing him
before a magistrate, his statements would both be admissible. See Jones, 944 S.W.2d at 649; Cantu, 842 S.W.2d at 680;
Zarychta, 44 S.W.3d at 163.

 Appellant also argues that his statements were involuntary because they were induced by a promise, by the police, that if
he signed the statements he would be allowed to visit his son in the hospital. At the suppression hearing, appellant stated
that the police had originally told him they were driving him to the hospital, then stopped at the police station instead. 
Appellant testified that he was told by the police that if he signed the statements, he would be taken to see his son in the
hospital. 

 The State rebutted appellant's testimony with that of several police officers. The officers testified that after his son was
taken, by ambulance, to the hospital, appellant was asked if he would go to the police station to make a formal statement.
All of the officers denied that any promise was made to appellant to induce him to sign the statements. The officers
testified that appellant did not show a great deal of interest in his son's condition, and showed no desire to go to the
hospital.

 The trial court was faced with two conflicting stories concerning appellant's statements. The State's witnesses testified that
no promise was made; appellant said he was induced to sign the statements by a promise to allow him to go and see his son
in the hospital. The trial court has almost total deference in determining the historical facts in a situation like this, where
the trial court's fact finding is based on an evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89; Zarychta,
44 S.W.3d at 163. The record would support a finding that the appellant was given no promise to induce his statements;
therefore, we presume the trial court made that finding. See, Zarychta, 44 S.W.3d at 163; Simmang, 945 S.W.2d at 221-22.
Appellant's first issue on appeal is overruled. 

Ineffective Assistance of Counsel

 In his second issue, appellant argues that his trial counsel was ineffective. A claim that trial counsel was ineffective is
reviewed under a two-part test set out by the United States Supreme Court. Strickland v. Washington, 466 U.S. 668
(1984);Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). To establish ineffective assistance of counsel, a
defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the
defendant suffered harm as a result of his counsel's inadequate performance. Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). There is a strong presumption that the trial counsel provided effective assistance, and that trial counsel's
conduct was reasonable and constituted sound trial strategy. Strickland, 466 U.S. at 689;McFarland v. State, 845 S.W.2d
824, 843 (Tex. Crim. App. 1992).

 We presume that trial counsel is better positioned than the appellate court to judge the pragmatism of the particular case,
and that he made all significant decisions in the exercise of reasonable professional judgment. Delrio v. State, 840 S.W.2d
443, 447 (Tex. Crim. App. 1992); Maffat v. State 930 S.W.2d 823, 826-27 (Tex. App.-Corpus Christi 1996, no pet.). The
record must contain evidence of counsel's reasoning, or lack thereof, to rebut that presumption. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1985). 

 Appellant points to two specific matters that, he argues, constitute ineffective assistance. First, appellant argues that his
trial counsel did not have "the factual issue of the voluntary-involuntary nature of the appellant's statements" submitted to
the jury or included in the jury charge. Second, appellant argues that his trial counsel erred by conceding that appellant had
caused the victim's death.

 We do not find appellant's trial counsel was ineffective by failing to raise the nature of appellant's statements to the jury. 
Raising this issue would have required testimony by appellant. Trial counsel could reasonably have chosen not to place
appellant on the stand, where he would have been subject to cross-examination by the State. Appellant's trial counsel may
have decided that, having failed to convince the trial court that the statements were involuntary, it would be unwise to place
appellant on the witness stand to attempt to convince a jury that the statements were involuntary. The record before this
Court contains no evidence of counsel's reasoning, such as is needed to rebut the presumption that trial counsel erred in
deciding not to raise this issue before the jury. See Jackson, 877 S.W.2d at 771.

 We also do not find that appellant's counsel was ineffective when he chose to concede that appellant had injured the
victim. The State had two signed statements by appellant, in which he admitted abusing the child and causing the injuries
which led to the child's death. Appellant was found alone with the victim and there was no indication that the injuries were
caused by anyone other than appellant. In such circumstances, trial counsel was confronted with difficult tactical decisions,
and in this case, trial counsel did not fall below the standard of reasonableness by arguing that appellant did not act
intentionally and knowingly at the time that he injured the child. Faced with the possibility that appellant could be given the
death penalty, appellant's counsel chose not to argue against the overwhelming evidence that appellant had caused the
child's death, but rather argued in favor of a lesser punishment. We cannot hold that this tactic constitutes ineffective
assistance. A daring tactic, although risky, is sometimes successful, and so does not vitiate either the presumption of
counsel's effectiveness or the deference in the assessment of strategy. Duhart v. State, 890 187, 190 (Tex. App.-Corpus
Christi 1994, no pet.); Lynn v. State, 860 S.W.2d 599, 603 (Tex. App.-Corpus Christi 1993, pet. ref'd). Issue number two is
overruled.

The Admissibility of Autopsy Photographs

 In his final issue, appellant argues that the trial court erred in admitting autopsy photographs in evidence. The appellant
specifically requests that this Court examine the photographs admitted as State's exhibits 60, 61, 62, 93, 94, 95, and 96.
Appellant contends that the relevance of the photographs was substantially outweighed by the danger of unfair prejudice,
and thus, the photographs should have been excluded under the Texas Rules of Evidence. See Tex. R. Evid. 403.

 We review a trial court's decision under rule 403 under an abuse of discretion standard. Salazar v. State, 38 S.W.3d 141,
151 (Tex. Crim. App. 2001). We reverse a trial court's decision only if it lies outside the "zone of reasonable
disagreement." Id. Autopsy photographs are generally admissible, unless they depict mutilation of the victim caused by the
autopsy. Id. The main concern with autopsy photographs that depict mutilation caused by the autopsy is that the jury might
attribute injuries caused by the autopsy to the appellant, which would be unfairly prejudicial to the appellant's case. Id. In
the instant case, the doctor who performed the autopsy carefully explained what damage was caused by the autopsy,
therefore there is no danger that the jury attributed the medical incisions to the appellant.

 The court of criminal appeals has held that:

when performing a Rule 403 analysis, the trial court must consider "the host of factors affecting probativeness . . . and
balance those factors against the tendency, if any, that the photographs have to encourage resolution of material issues on
an inappropriate emotional basis." When determining the proclivity of pictures to spur emotional decision-making, the
court should examine the "number of exhibits offered, their gruesomeness, their detail, their size, whether they are black
and white or color, [and] whether they are close-up." Additionally, relevant criteria in determining whether the prejudicial
effect of a piece of evidence substantially outweighs the probative value include the fact "that the ultimate issue was not
seriously contested by the opponent; that the State had other convincing evidence to establish the ultimate issue to which
the [evidence] was relevant; that the probative value of the . . . evidence was not, either alone or in combination with other
evidence particularly compelling; that the [evidence] was of such a nature that a jury instruction to disregard it for any but
its proffered purpose would not likely be efficacious." The trial court should also, if applicable, consider "the fact that the
body has been altered since the crime in some way (e.g., by autopsy) that might enhance its gruesomeness to the defendant's
detriment.



Id. at 152 (citations omitted).

 The seven autopsy photographs in question are color photographs measuring four inches by six inches. The photographs
show the injuries to the victim's head and brain, as well as bruising on the victim's body. The Nueces County Medical
Examiner explained that the injuries to the brain were acute, and would have been fatal within hours of having been
inflicted. He further explained that it was necessary to examine the brain to determine the extent of the injury and
explained how the photograph showed the damage to the victim's brain. The Medical Examiner also testified that the
bruising on the victim's legs, buttocks, and back, all of which extended deep into the victim's muscle tissue, had occurred
within three weeks of the victim's death. The Medical Examiner stated that it was necessary to make the incisions on the
victim's body to determine how deep the bruising extended, and the photographs depicted the depth of the damage. The
photographs are in color, they are not enlarged, and depict the corpse in a clinical setting, with rulers displayed next to the
incisions to show scale. There is no apparent attempt to make the appearance of the victim more shocking. 

 The main defense raised by appellant at trial was that he did not have the requisite intent for capital murder. The
photographs were admitted to show that the victim's injures were extensive, severe, and had been inflicted over a period of
time, which demonstrated that the fatal injuries were not the product of one aberrational act of violence against the victim. 
The photographs also demonstrate the amount of force applied to the victim, showing that the appellant could not have
caused the injuries without applying a great deal of force, repeatedly, to the victim. The photographs were highly probative
as to the appellant's state of mind. Although the photographs are disturbing, we do not find that the trial court abused its
discretion by admitting them in evidence. We do not find that the photographs are such that they would encourage the
resolution of the appellant's case on an inappropriate emotional basis. See Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim.
App. 2001). Appellant's third issue is overruled.

 The judgment of the trial court is AFFIRMED.



 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

29th day of November, 2001.



1. The State argues that appellant was not placed under arrest until after the second statement was taken.