# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00087-CR

**Ronald Carver, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR99-298, HONORABLE CHARLES F. CAMPBELL JR., JUDGE PRESIDING

Appellant Ronald Carver pleaded guilty to sexual assault. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2002). After hearing evidence, the jury assessed punishment at imprisonment for two years and a $10,000 fine. Appellant's sole complaint on appeal is that the attorney who represented him at trial and who filed the notice of appeal failed to file a motion for new trial, and thus deprived appellant of a fair opportunity to develop a record with regard to counsel's effectiveness at trial. Appellant points to three possible errors by counsel at trial, but concedes that on the present record he cannot overcome the presumption that counsel was acting effectively. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant asks this Court to abate the appeal and remand for a hearing to determine whether counsel's failure to file a motion for new trial was the result of a conflict between his own self-interest and the best interests of appellant on appeal.

Appellant has been represented by retained counsel throughout this proceeding. The motion to substitute present counsel for the attorney who represented appellant at trial was received by this Court six months after appeal was perfected. We must presume that appellant's original counsel discussed with appellant the merits of filing a motion for new trial and that appellant decided against it. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). The only authority cited by appellant is an unpublished order by another court of appeals remanding for a conflict of interest hearing after the attorney who represented the appellant at trial filed a brief on appeal contending that he was ineffective. Even if this order had precedential value, the circumstances shown are factually distinguishable from those presented in the present cause.

The abatement request is denied. Appellant may pursue the question of trial counsel's effectiveness by postconviction writ of habeas corpus. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

Appellant's brief does not assert reversible error. The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 22, 2002

Do Not Publish

2