NUMBER 13-02-696-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


MICHAEL LEE DUEITT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Calhoun County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Rodriguez



 Appellant, Michael Lee Dueitt, was tried before a jury and convicted of capital
murder. The trial court assessed a sentence of life imprisonment. The trial court has
certified that this case "is not a plea-bargain case, and the defendant has the right of
appeal." See Tex. R. App. P. 25.2(a)(2). By one issue appellant contends he received
ineffective assistance of counsel at trial. We affirm.

I. FACTS

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. INEFFECTIVE ASSISTANCE OF COUNSEL

 The standard of review for ineffective assistance of counsel was set out in
Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted in Texas in
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, trial counsel's
performance must fall below an objective standard of reasonableness under the
prevailing professional norms. Strickland, 466 U.S. at 687; Washington v. State, 771
S.W.2d 537, 545 (Tex. Crim. App. 1989). Second, appellant must prove there is a
reasonable probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694; Washington, 771
S.W.2d at 545. 

 Our review of counsel's performance must be highly deferential. Strickland,
466 U.S. at 689. The burden of proving ineffective assistance of counsel is on the
appellant and is one which requires proof by a preponderance of the evidence. 
Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985). An allegation of ineffective assistance
of counsel will be sustained only if it is firmly founded and if the record affirmatively
demonstrates counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d
815, 819 (Tex. Crim. App. 1980); Stone v. State, 17 S.W.3d 348, 350 (Tex.
App.--Corpus Christi 2000, pet. ref'd). 

 We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case, and
that he made all significant decisions in the exercise of reasonable professional
judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The record
must contain evidence of counsel's reasoning, or lack thereof, to rebut this
presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In
the absence of evidence of counsel's reasons for the challenged conduct, the appellate
court will assume a strategic motivation and will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 

 Appellant contends he was denied effective assistance because his trial counsel
failed to urge a motion for continuance and pursue an insanity defense at trial. 
Counsel filed several motions before trial, including a "Notice of Intent to Raise
Insanity Defense and Offer Evidence Thereon," and a "Motion for Continuance." The
request for a continuance was for additional time to investigate insanity as an
affirmative defense. During a pretrial hearing on these motions, the trial judge stated 
he would approve funds to hire an expert to examine appellant for insanity if requested
by defense counsel. However, the record indicates no request was made, nor was an
insanity defense presented at trial. Instead, appellant and his counsel argued self-defense. 

 Nothing in the record demonstrates the rationale for counsel's trial strategy
with respect to arguing self-defense as opposed to insanity. To successfully assert an
ineffective assistance claim, appellant "must overcome the presumption that, under
the circumstances, the challenged action 'might be considered sound trial strategy.'"
Jackson, 877 S.W.2d at 771 (quoting Strickland, 466 U.S. at 689). The record in this
case contains no evidence to rebut this presumption. We conclude, therefore, that
appellant has failed to establish by a preponderance of the evidence that counsel's
performance was not reasonable. Since the first prong of the Strickland test is not
met, we need not consider the second prong. Strickland, 466 U.S. at 697; Garcia, 57
S.W.3d at 440. 

 The judgment of the trial court is affirmed. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 16th day of October, 2003.