2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




ROBERT ALLEN RABE,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00153-CR

Appeal from the

292nd District Court

of Dallas County, Texas 

(TC#F-0273388-PV) 




MEMORANDUM OPINION
           Robert Allen Rabe appeals his conviction for aggravated robbery. Appellant
pleaded not guilty but was found guilty by a jury, which assessed his punishment at forty-eight years’ imprisonment. In his sole issue presented on appeal, appellant contends he
received ineffective assistance of counsel. We affirm.
FACTUAL SUMMARY
           Appellant and two other men robbed complainant Mark Nilan, a liquor store
cashier. After stealing approximately $500 at gunpoint, the robbers dragged Nilan to a
back room. After the robbers left, Nilan called the police. The robbery was caught on
tape by video surveillance equipment installed at the store and the video tape was
admitted into evidence and shown to the jury. Nilan described appellant as a white male,
35, with brown hair, no facial hair, wearing a red cap. He described the gun as a silver
.38-caliber revolver. He did not mention the presence of any tattoos on the robber’s
forearms. Appellant’s sister testified that appellant is left-handed, but the video tape
shows the gun in the robber’s right hand.
           About three weeks after the robbery, a Dallas police officer showed Nilan a six-man photo lineup that included appellant’s picture; Nilan identified appellant as one of
the robbers. He also identified appellant during the trial as being one of the men who
robbed the store.
           During the punishment phase of the trial, appellant’s counsel re-called appellant’s
sister to the witness stand; she testified that her brother had tattoos on both forearms. The
presence of these tattoos was corroborated by appellant’s pen packets and appellant took
off his shirt to display his tattoos to the jury. In argument, counsel acknowledged that he
should have presented this evidence earlier, asked the jury to find both enhancements “not
true” and assess the minimum punishment of five years. Counsel filed a motion for new
trial, but did not elaborate on the reasons for the motion other than to assert that the
verdict was “contrary to the law and the evidence” and did not seek a hearing on the
motion. The trial court denied the motion and this appeal ensued.
ASSISTANCE OF COUNSEL
           In his sole issue, appellant contends that his counsel was ineffective for not
presenting evidence regarding his tattoos during the guilt-innocence phase of the trial.
Standard of Review
           We review claims of ineffective assistance of counsel under the two-prong test set
out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must show that trial
counsel’s performance was deficient, that is, counsel’s representation fell below an
objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064. Second, the defendant
must show that counsel’s deficient performance prejudiced the defense. Strickland, 466
U.S. at 687, 104 S.Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). This requires the defendant to show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.
           It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813. In reviewing a claim of
ineffective assistance of counsel, we must indulge a strong presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance and the
appellant must overcome the presumption that the challenged conduct might be
considered sound trial strategy. Id.; Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Any
allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in
the record to overcome this presumption. Thompson, 9 S.W.3d at 813; see Jackson, 877
S.W.2d at 771. An appellate court should be especially hesitant to declare counsel
ineffective based upon a single alleged miscalculation during what amounts to otherwise
satisfactory representation, whether the action was the result of strategic design or the
result of negligence. Thompson, 9 S.W.3d at 814.
Review of Record
           We are disturbed by counsel’s untimely introduction of potentially exculpating
evidence. Yet we are confused as to why, if counsel was arguing misidentification,
counsel asked the jury to give his client the minimum sentence of five years, and why
counsel did not base his motion for new trial on misidentification or seek a hearing on the
motion. Although the State argues that we cannot presume counsel’s statement that he
“failed in [his] duty” to have been made in reference to the tattoos, it is apparent from the
context of this remark that counsel was, indeed, referring to the tattoos. Assuming,
without deciding, that counsel’s conduct fell outside of the wide range of reasonable
professional assistance, appellant cannot meet the second Strickland prong, i.e., he cannot
demonstrate that the results of the proceeding would have been different but for counsel’s
unprofessional conduct.
           It is evident in the record that counsel filed appropriate motions, vigorously cross-examined the State’s witnesses, and offered evidence that appellant is left-handed. The
complainant unhesitatingly identified appellant as one of the robbers, and the jury was
able to view the videotape during their deliberations and to compare the images from that
video to appellant’s face. From the sentence they imposed, forty-eight years in prison, it
is apparent that they were not persuaded to impose a lighter sentence based on the
testimony concerning the tattoos. Therefore, we hold that appellant cannot show that the
outcome of his trial would have been different but for counsel’s error.
CONCLUSION
           We overrule appellant’s sole issue.
           We affirm the trial court’s judgment.

                                                                  PER CURIAM

December 30, 2004

Before Panel No. 5
Larsen, McClure, and Andell, JJ.
(Andell, J., sitting by assignment)

(Do Not Publish)