2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




RANDY EARL WEATHERALL,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00025-CR

Appeal from the

Criminal District Court No. 4

of Dallas County, Texas 

(TC#F-0157232-LK) 




MEMORANDUM OPINION
           Randy Earl Weatherall appeals his conviction for retaliation. Appellant pleaded
not guilty but pleaded true to two enhancements. Appellant was found guilty by a jury,
which assessed his punishment at twenty-five years’ imprisonment. In his sole issue
presented on appeal, appellant contends he received ineffective assistance of counsel. We
affirm.
ASSISTANCE OF COUNSEL
           Appellant was indicted in Dallas County Criminal District Court No. 5, but his trial
took place in Dallas County Criminal District Court No. 4, but the record does not include
a formal transfer order. Nor did counsel object to the transfer or file a plea to the
jurisdiction to contest it to preserve error on appeal. Based on this, appellant contends
that his counsel was ineffective. Appellant contends that, had trial counsel filed a plea to
the jurisdiction, it would have been sustained and reversible error would not have
occurred. Whether the plea to the jurisdiction would have been sustained, however, is not
the focus of our inquiry. Rather, we examine whether the results of the proceeding--here,
the jury trial--would have been different.
           We review claims of ineffective assistance of counsel under the two-prong test set
out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must show that trial
counsel’s performance was deficient, that is, counsel’s representation fell below an
objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064. Second, the defendant
must show that counsel’s deficient performance prejudiced the defense. Strickland, 466
U.S. at 687, 104 S.Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). This requires the defendant to show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771. When faced
with a silent record as to counsel’s strategy, this Court will not speculate as to the reasons
for counsel’s actions. See Jackson, 877 S.W.2d at 771.
           We have before us a silent record. There is no evidence regarding trial counsel’s
strategy. Without such evidence, appellant cannot satisfy either Strickland prong. 
Accordingly, we hold appellant has not borne the burden of demonstrating that counsel
was ineffective.
We overrule appellant’s sole issue.
           We affirm the trial court’s judgment.

                                                                  PER CURIAM

December 30, 2004

Before Panel No. 5
Larsen, McClure, and Andell, JJ.
(Andell, J., sitting by assignment)

(Do Not Publish)