# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-04-00433-CR
---

Vergie Eugene Greenwood, Appellant

v.

The State of Texas, Appellee

---
**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-03-0945-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellant Vergie Eugene Greenwood forced his way into the complainant's residence and assaulted her. A jury found him guilty of burglary of a habitation, and the court imposed an eighteen-year prison sentence. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). Appellant's only contention on appeal is that his trial counsel was ineffective during jury selection because he did not question a panelist who stated that she had been the victim of a similar crime. We will affirm.

During the prosecutor's voir dire, she asked the panelists if any of them had had an experience that would make it difficult to be impartial in a trial for burglary and assault. Several panelists indicated that they had. One, identified in the record as "prospective juror" and addressed by the prosecutor as "ma'am," said that she had "suffered an assault and attempted burglary, but it was a number of years ago" and that "I do think I could be fair." Appellant asserts that his attorney failed to speak further to this panelist and thereby rendered ineffective assistance.

At the conclusion of his own voir dire, appellant's counsel asked the panelists if any of them knew a reason "why you couldn't be a fair and impartial, unbiased and certainly an open-minded juror." A panelist identified as "prospective juror" and addressed by counsel as "ma'am" responded, "I've already stated—." Counsel interrupted, saying "I know what you said, and I believe there was somebody else over here, and Ms. Ryan."

Although it is impossible to be sure, the unidentified panelist who spoke up during counsel's voir dire may have been the same panelist who earlier spoke to the prosecutor. In any event, it is clear that defense counsel was concerned about the issue of potential bias. In the absence of any evidence to the contrary, we must presume that counsel exercised reasonable professional judgment during jury selection and used his peremptory strikes in a manner calculated to protect appellant's rights. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Finding no merit to appellant's sole claim on appeal, we affirm the judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 13, 2005

Do Not Publish