COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RAYMOND PAUL SMITH,                                )

                                                                              )              
No.  08-04-00224-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
176th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Harris County, Texas

Appellee.                           )

                                                                              )                     (TC# 989,352)

                                                                              )

 

 

O
P I N I O N

 

Appellant Raymond
Paul Smith appeals his conviction for the offense of aggravated sexual assault
with an affirmative deadly weapon finding. 
Appellant waived his right to a trial by jury and elected a bench
trial.  Over Appellant=s not guilty plea, the trial court
found Appellant guilty of the offense. 
The trial court found the enhancement paragraph, alleging a prior
conviction for the felony offense of aggravated assault to be true.  The trial court assessed punishment at 60
years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.[1]  On appeal, Appellant contends that he
received ineffective assistance of counsel at trial.  We affirm.








FACTS

On the evening of
November 1, 2002, Appellant and two other men, all brandishing guns and wearing
stocking masks, confronted N.D. as she parked her car outside her home.  They ordered her out of the car and forced her
into her house.  Once inside, they ordered
the occupants to lay down on the floor and tied them up.  At gunpoint, N.D., her husband, her daughter,
and her daughter=s
boyfriend were ordered upstairs.  Over
the course of more than an hour, the gunmen sexually assaulted N.D. twice,
sexually assaulted N.D.=s
daughter twice, and ransacked the family=s
home before leaving with televisions, clothes, jewelry, and cash, in addition
to the family=s
minivan.  The family=s minivan was recovered by police in
the morning hours of November 2, burned and abandoned. 

At trial, N.D.=s daughter stated that she identified
Appellant as one of her assailants from photographs shown to her at the
District Attorney=s
office.  N.D.=s
daughter stated that she was able to see Appellant=s
face when he briefly removed his mask. 
She identified Appellant in the courtroom as one of the assailants.  

The police
investigation of the crimes led to some suspects, two juveniles, Marqua Sauls
and Demarcus Collins.  Both juveniles
named Appellant as an accomplice.  The
police obtained a pocket warrant and arrested Appellant in the parking lot of
his apartment complex.  The police
recovered several stolen items from Appellant=s
girlfriend, the girlfriend=s
apartment, and from Appellant=s
apartment.








State witness
Gerrori Jones, an incarcerated drug dealer, testified that one night in
November 2002, Appellant asked Jones to follow him while Appellant drove a van
to the Fifth Ward.  Appellant was
accompanied by Sauls and Collins.  Jones
waited as they drove down a dead-end street and burned the van.  They got into Jones=
car and he dropped them off at his apartment complex.  They gave Jones sixty dollars and told him
that they had robbed some Chinese people. 
According to Jones, Appellant, Sauls, and Collins had left the property
that was in the van, two televisions and some jackets, by the side of Jones= apartment complex in an alleyway.  Jones denied having sold the televisions to
Appellant.  

Marqua Sauls
testified at trial.  Sauls admitted that
he committed the aggravated robbery and aggravated sexual assault and had pled
guilty to those charges.  Sauls named
Appellant and Collins as his accomplices and stated that the robbery was
Appellant=s
idea.  According to Sauls, only he and
Appellant had guns when they went inside the family=s
home.  Sauls stated that he was on drugs
that night and could not remember everything that happened, but he did remember
sexually assaulting the younger woman and stealing some property.  Sauls remembered that Appellant drove the
minivan after it was stolen and that Appellant gave AVonny@ fifty or sixty dollars to drive behind
them.  Sauls remembered that Collins and
Appellant set the van on fire while he sat in Vonny=s
car.  Sauls also remembered putting all
the stolen property in Appellant=s
apartment.  According to Sauls, Vonny was
present when they unloaded the televisions at Appellant=s
apartment.








Appellant
testified at trial and denied having any involvement in the home invasion,
robbery, and rapes that occurred on November 1, 2002.  According to Appellant, one evening between
November 5 and November 10, he was at a barber shop when Collins, Sauls, and
Jones pulled up and said they had some merchandise.  Appellant knew the merchandise had been
stolen.  Appellant purchased the
merchandise, which was in the back of Jones=
car, from Jones.  Appellant gave the
televisions and a watch to his girlfriend. 
Appellant testified that Jones had lied about being paid to help burn
the victims=
van.  Appellant believed that Sauls and
Collins implicated him because they thought he was Asnitching@ on them.

DISCUSSION

INEFFECTIVE
ASSISTANCE OF COUNSEL

In his sole issue,
Appellant argues that he received ineffective assistance of counsel because his
trial attorney was not appointed to represent him on the aggravated sexual
assault charges until the day of trial and therefore, did not have adequate
time to prepare.  Specifically, Appellant
asserts that his trial counsel was ineffective because he waived his ten-day
preparation time after being appointed to represent Appellant on the additional
charges of aggravated sexual assault and then proceeded to trial without any
independent investigation or preparation for the two additional charges.

Standard
of Review








We review claims
of ineffective assistance of counsel under the two-prong test set out by the
United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  To carry his burden under the first prong,
the appellant must show that trial counsel=s
performance was deficient, that is, counsel=s
representation fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex.Crim.App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at
2064.  The appellant must next show that
counsel=s
deficient performance prejudiced his defense. 
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  This requires the appellant to show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Jackson, 877 S.W.2d at 771.

In reviewing
claims of ineffective assistance, we must indulge a strong presumption that
counsel=s conduct
falls within the wide range of reasonable professional assistance and the appellant
must overcome the presumption that the challenged conduct might be considered
sound trial strategy.  Thompson, 9
S.W.3d at 813; Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  Any allegation of ineffectiveness must be
firmly founded and affirmatively demonstrated in the record to overcome this
presumption.  Thompson, 9 S.W.3d
at 813; see Jackson, 877 S.W.2d at 771. 
When faced with a silent record as to counsel=s
strategy, this Court will not speculate as to the reasons for counsel=s actions.  See Jackson, 877 S.W.2d at 771.  The defendant bears the burden of proving
ineffective assistance by a preponderance of the evidence.  Thompson, 9 S.W.3d at 813.  

 In this case, Appellant did not file a motion
for new trial to challenge the alleged ineffectiveness of his counsel.  The record before this Court does not contain
trial counsel=s
explanations of the reasons for his actions, therefore it will be difficult for
Appellant to rebut the strong presumption that trial counsel=s conduct falls within the wide range
of reasonable professional assistance.  See
Thompson, 9 S.W.3d at 814.

Waiver
of Ten-Day Preparation Time








An appointed
counsel is entitled to ten days to prepare for a proceeding but may waive the
preparation time with the consent of the defendant in writing or on the record
in open court.  See Tex.Code Crim.Proc.Ann. art.
1.051(e)(Vernon 2005).  Appellant=s counsel was appointed counsel in
cause number 930579, in which Appellant was charged with aggravated
robbery.  Before trial, the State
informed the court that there was an agreement that there were three crimes out
of the same criminal episode which were to be tried together.  The other charges were aggravated sexual
assault charges under cause numbers 989351 and 989352.  The trial court noted that Appellant=s counsel had just been appointed to
represent Appellant on the two additional charges of aggravated sexual assault
and asked whether he wished to proceed with the trial.  Appellant=s
counsel conferred with his client and after a recess the following exchange
occurred in open court:

The
Court:        Back on the record.  

Mr. Smith, it appears
that there have been two new cause numbers that were indicted by the Grand Jury
on May 28, 2004.  And Mr. Scott who has
been representing you on your other case for a number of months was appointed
to represent you on these two new cases. 

Is that your
understanding of what=s
happened this morning?

 

Defendant:        Yes, sir.

 

The
Court:        You understand you have a
right to have up to ten days to prepare for trial in these two new cases?

 

Defendant:        Yes, sir.

 

The
Court:        It=s
my understanding you=re
willing to waive that time period and proceed on these two cases at this point
in time; is that correct?

 

Defendant:        Yes, sir.

 

The
Court:        Is that correct?

 

Defendant:        Yes, sir.








 

The
Court:        And, Mr. Scott, is it your
understanding Mr. Smith is willing to waive indictment--excuse me, waive the
ten day period and proceed on these cases today?

 

[Defense
counsel]:        Yes, Your Honor, it is.

 

Based on the exchange above, it is
clear that Appellant affirmatively consented to waiving the ten-day preparation
time for the new two cases for aggravated sexual assault.  There is nothing in the record to indicate
that Appellant was coerced or otherwise misled by his trial counsel. 

Appellant asserts
on appeal that by agreeing to the waiver, his trial counsel failed to make a
reasonable or independent investigation into the cases.  The record, however, is silent as to trial
counsel=s reasons
for agreeing to the waiver.  Further,
there is nothing to indicate that trial counsel was unfamiliar with the nature
of the cases, the expected testimony, or facts related to the additional
charges, which undisputedly arose from the same criminal episode as the
aggravated robbery charge.  To the
contrary, the trial court observed that Appellant=s
counsel had been representing Appellant on the related aggravated robbery
charge for a number of months.

In reviewing this
record, we conclude that Appellant has failed to overcome the presumption that
trial counsel=s conduct
falls within the wide range of reasonable professional assistance.  Consequently, Appellant has failed to met his
burden in showing that his trial counsel rendered ineffective assistance on the
ground asserted in his brief.   Appellant=s sole issue is overruled.

The judgment of
the trial court is affirmed.

 

August
11, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was also indicted on another charge of aggravated sexual assault in
cause numbers 989,351 and on a charge of aggravated robbery in cause
930,579.  Appellant has also appealed the
judgments rendered in those cases, which are affirmed by opinions issued this
same day in cause numbers 08-04-00219-CR and 08-04-00218-CR, respectively.