Affirmed and Memorandum Opinion filed November 7, 2006








Affirmed and Memorandum Opinion filed November 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00879-CR

NO. 14-05-00881-CR

____________

 

CARLOS A. MORAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court 

Harris County, Texas

Trial Court Cause Nos. 992659 and 992540 

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Carlos Moran, appeals from an adjudication of
guilt for credit card abuse and for making a false statement to obtain credit. 
Appellant was sentenced by the court to two years= and five years= confinement,
respectively.  He appeals based on a claim of ineffective assistance of counsel
at the punishment phase of his trial.  Because we find that the record below is
insufficient to support a claim of ineffective assistance, we affirm.








Facts and Procedural Background 

Appellant, as a car salesman, obtained personal and
financial information from Alberto Rodriguez when Rodriguez came to appellant=s car dealership
to purchase a van.  Appellant opened several credit card accounts in Rodriguez=s name, but with
appellant named as an authorized user of the card. Appellant used the cards to
pay for bills, car payments, cell phone accounts, food, and entertainment.

Appellant also dealt fraudulently with Carlos Martinez, who
had come to appellant=s car dealership to trade a used car for a
new car.  Appellant did not turn the used car over to the dealership, but kept
it for himself for a period of time. He later traded the vehicle in for a new
car at a different dealership.  He used Martinez=s vehicle and a
credit card obtained with Rodriguez=s information as
payment on the vehicle, and he used Martinez=s personal
information to obtain credit for the balance of the vehicle=s cost. Appellant
also used Martinez=s information to fraudulently obtain
insurance for the purchased car.  

After his arrest, it was also discovered that appellant had
used the information of a woman named Cavasos to buy two more vehicles.  Again,
appellant obtained her information when she bought a car from him.  

Appellant pleaded guilty to both charges, without an
agreement as to his punishment.  A punishment hearing was held, at which only
the investigating officer testified.  Appellant claims that his counsel was
ineffective at the punishment hearing for two reasons.  First, he claims that
counsel was deficient during his cross-examination of the officer by eliciting
evidence of an allegedly extraneous offense.  This offense consisted of using
the card obtained in Rodriguez=s name to gratuitously make the
down-payment on a car for a woman named Yaneris Perez.  Second, he claims
counsel was deficient for choosing to Astand on the sworn
testimony as to his motion for probation and ... rest[ing] on the PSI@ without
presenting mitigating evidence at the hearing.

 








Analysis

I.        Standard of Review                 

This court decides whether counsel was ineffective using a
two-part test.  See Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).
Appellant must first show that counsel was deficient, and second, show that the
deficient performance prejudiced the defense. Strickland, 466 U.S. at
687.  To prove deficiency, appellant must show, by a preponderance of the
evidence, that his counsel=s representation fell below the objective
standard of professional norms.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  Appellate review of defense counsel=s representation
is highly deferential and we presume that counsel=s actions fell
within the wide range of reasonable and professional assistance.  Id.  

To defeat the presumption of reasonableness on the part of
counsel, appellant must present evidence illustrating why trial counsel did what
he did.  Stults v. State, 23 S.W.3d 198, 208 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (citing Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994)).  If the record is silent as to counsel=s reasons for his
conduct, then an appellate court would be speculating if it found counsel
ineffective.  Id.  Recognizing that the reasons for counsel=s actions will not
normally appear in a trial court=s record, the
Court of Criminal Appeals has said that A[i]n the majority
of instances, the record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.@  Thompson v.
State, 9 S.W.3d 808, 813B14 (Tex. Crim. App. 1999).   

II.       Appellant
Fails to Rebut Presumption in Favor of Trial Counsel








While we may be able to make some educated guesses as to
why counsel asked certain questions or failed to call certain witnesses, there
is no direct evidence in the record of the reasons why he made the decisions he
did.  Therefore, without speculation, we cannot determine whether counsel=s representation
fell below the objective standard of professional norms.  In the absence of a
record identifying the reasons for his actions, we must presume they were made
deliberately and as part of a reasonable trial strategy.  See Stults, 23
S.W.3d at 209.  We therefore overrule appellant=s sole point of
error. 

Conclusion

Having overruled appellant=s sole issue on
appeal, we affirm the judgments of the trial court. 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 7, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).