COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JOHNNIE DEMPSEY WOOD,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-07-00001-CR

Appeal from the

394th Judicial District Court

of Brewster County, Texas 

(TC# 3801) 





O P I N I O N

            This is an appeal from a conviction of a family violence assault and aggravated assault. 
Appellant was sentenced to 15 years’ and assessed a penalty fine of $5,000 for family violence
assault and sentenced to 30 years’ and assessed a penalty fine of $5,000 for aggravated assault. 
In one issue on appeal, Appellant argues he was denied effective assistance of counsel. We
affirm.
            On October 16, 2006, Appellant was charged with family violence assault and aggravated
assault for an incident that occurred on May 20, 2006. Appellant was living with his girlfriend
Michele Miller at her mother Sheila Smith’s house. Ms. Miller testified that Appellant threw an
open pocket knife at her and grazed her pants. They then went into the kitchen where Appellant
hit Ms. Miller in the arm and chest with his fist. He continued hitting Ms. Miller, next in the
forehead with brass knuckles, and finally, he hit her with a baseball bat on her right shin. A jury
convicted Appellant of two counts of family violence assault, and one count of aggravated
assault for the attack on Ms. Miller.
            In one issue on appeal, Appellant argues that he was denied effective assistance of 
counsel during trial. We review claims of ineffective assistance of counsel under a two-pronged
test. First, an appellant must establish counsel’s performance fell below an objective standard of
reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668,
693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); Mallet v. State, 65 S.W.3d 59, 62-3
(Tex.Crim.App. 2001). Second, the appellant must establish that counsel’s deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that
there is a reasonable probability that but for counsel’s unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Mallet, 65
S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Mallet, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a
preponderance of the evidence. Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).
            We must indulge a strong presumption that counsel’s conduct falls within the wide range
of reasonable professional assistance and the appellant must overcome the presumption that the
challenged conduct might be considered sound trial strategy. Strickland, 466 U.S. at 689, 104
S.Ct. at 2065. An allegation of ineffectiveness must be firmly founded and affirmatively
demonstrated in the record to overcome this presumption. Thompson v. State, 9 S.W.3d 808, 
813 (Tex.Crim.App. 1999); see Jackson, 877 S.W.2d at 771. In the majority of instances, this
task is extremely difficult because “the record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.” Thompson, 9 S.W.3d at 813-14. When faced
with a silent record as to counsel’s strategy, this Court will not speculate as to the reasons for
counsel’s actions. See Jackson, 877 S.W.2d at 771. The Court of Criminal Appeals in
Thompson, further advised that “[a]n appellate court should be especially hesitant to declare
counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise
satisfactory representation, especially when the record provides no discernible explanation of the
motivation behind counsel’s actions--whether those actions were of strategic design or the result
of negligent conduct.” Thompson, 9 S.W.3d at 814.
            Appellant complains that his counsel was ineffective for “open[ing] the door” to
extraneous offenses during the guilt/innocent phase of the trial and not objecting to them under
Tex.R.Evid. 404(b) and 403. The first instance occurred during Ms. Miller’s cross-examination. 
Defense counsel asked Ms. Miller about an altercation with Appellant, which took place prior to
the May 2006 assault, and resulted in Ms. Miller moving out of the residence where Appellant
was living at the time. Based on this line of questioning by defense counsel, the State requested
and was allowed to examine Ms. Miller about the prior assault. The second instance took place
during Appellant’s own direct-examination. Defense counsel asked Appellant when he first met
Ms. Miller. During his response, Appellant stated that he became acquainted with Ms. Miller
after he met her ex-boyfriend while he was incarcerated in 2005 for drug and firearm possession. 
Appellant contends that trial counsel should not have opened the door to the extraneous offenses
and should have objected to their presentation to the jury. Therefore, Appellant concludes that he
was denied effective assistance of counsel.
            In this case, Appellant did not file a motion for new trial to challenge the alleged
ineffectiveness of his counsel. The record before this Court does not contain trial counsel’s
explanations of the reasons for the inaction alleged as error, therefore it will be difficult for
Appellant to rebut the strong presumption that trial counsel’s conduct falls within the wide range
of reasonable professional assistance. See Thompson, 9 S.W.3d at 814. Appellant fails to cite
and we were unable to find any case supporting the conclusion that trial counsel’s action or
inaction in this instance would rebut the strong presumption that trial counsel’s conduct falls
within the wide range of reasonable professional assistance. See Thompson, 9 S.W.3d at 814. 
Appellant’s issue is overruled.
            The judgment of the trial court is affirmed.

December 18, 2009
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)