

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00082-CR
_____

ALLEN LUANGRATH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. CCCR-17-825-2, Honorable Pamela C. Sirmon, Presiding

May 1, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Allen Luangrath, appeals his conviction for the offense of domestic violence assault[1] and the resulting sentence of a $500 fine and one hundred twenty days of confinement in the Potter County Jail, probated for one year.  On appeal, appellant challenges the sufficiency of the evidence to support his conviction and asserts that his

_____

[1] See TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2019).

trial counsel was ineffective for failing to put on evidence that appellant acted in self-defense. We affirm.

Background

Appellant was charged with "intentionally, knowingly or recklessly caus[ing] bodily injury to [M.L.] by striking her face with his hand" at a time when the victim "was a member of the [appellant's] family or a member of the [appellant's] household or a person with whom the [appellant] had or had had a dating relationship." Appellant entered a plea of not guilty and the case was tried to a jury.

The State presented evidence from two police officers, appellant's mother, appellant's sister, and M.L., the victim. The evidence showed that, at the time of the incident, appellant, M.L., and their baby lived with appellant's parents.

M.L. testified that on the night of the incident, she and appellant were fighting. Appellant told her to pack her things and leave. She agreed to go, and began packing. Appellant left the room, but then returned and told M.L. he was sorry and did not want her to leave. He grabbed her and held her down, which angered her, so she pinched him and elbowed him. She continued, "And then I got really mad where I went up to him and he – he got – I guess he got scared or something, and then he just punched me in the face . . . ." The fight continued, with M.L. biting and scratching appellant, and appellant pushing M.L., until appellant's mother entered the room.

Appellant's mother testified that she was awakened by the sounds of appellant and M.L. fighting. She opened the door to the room and saw appellant pushing M.L. She told appellant to leave the room and tried to pull him out of the room. M.L. pulled appellant

2

back into the room, scratching him as she did so, and appellant pushed M.L. Appellant's mother testified that she did not see appellant strike M.L., nor did she see M.L. strike appellant. She saw scratch marks on appellant's arm and a red mark on M.L.'s cheek. Appellant's mother called appellant's sister, who testified that she could hear a "verbal altercation in the background." She drove to her mother's house, where she saw her parents and M.L., who seemed upset and scared. Appellant was not there. Appellant's sister called the police to apprise them of the situation. She testified that she did not see what happened between her brother and M.L.

An Amarillo Police officer was dispatched to the home. He was met at the front door by M.L. After interviewing M.L. and two other witnesses, the officer concluded that M.L. had been struck in the face by appellant during an altercation. He testified that photographs of M.L. which were admitted into evidence accurately depicted her appearance on the night of the incident.

A second police officer testified that he took photographs of appellant the morning after the incident. The photographs showed red marks on appellant's right arm, a mark on his shoulder area, a scratch mark on the left side of his chest, and scratches and bruises on his knuckles.

The jury found appellant guilty of the offense of domestic violence assault, as alleged in the information. The trial court imposed the sentence.

3

Analysis

Sufficiency of the Evidence

By his first issue, appellant asserts that the evidence is insufficient to show that he intentionally, knowingly, or recklessly struck M.L. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id*. When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id*. at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id*. at 899.

4

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1). The offense is elevated to a third-degree felony if it is committed against a family member or household member as defined by sections 71.003 and 71.005 of the Texas Family Code. *Id.* § 22.01(b)(2). The testimony and photographs provided evidence of each element of the offense. M.L. testified that appellant "punched [her] in the face," witnesses observed her injuries, and the jury saw photographs of her injuries. The evidence showed that appellant was the father of M.L.'s baby and that the three of them lived with appellant's parents. Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable factfinder could find beyond a reasonable doubt that appellant committed the offense of domestic violence assault. We overrule appellant's first issue.

<u>Ineffective Assistance of Counsel</u>

By his second issue, appellant contends that his trial counsel was ineffective for failing to put on evidence that appellant acted in self-defense. Appellant asserts that he desired to testify to put on self-defense evidence, but that his trial counsel convinced him otherwise. As a result, he alleges, the jury was not able to hear his side of the story and was never charged on the issue of self-defense.

A criminal defendant has a fundamental constitutional right to testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 52, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987); *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). He likewise has "the ultimate authority" in determining whether to testify on his own behalf. *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004). If counsel frustrates a

5

defendant's right to testify, we evaluate that error under the ineffective assistance of counsel framework. *Johnson*, 169 S.W.3d at 228.

To prevail on an ineffective assistance of counsel claim, a party must prove that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An ineffective assistance claim must be "firmly founded" in the record, and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

In support of his assertion that his trial counsel prevented him from testifying, appellant points out that after the State rested, there was a pause in the proceedings while appellant and his trial counsel conferred outside the presence of the jury. Following this brief pause, the defense rested.

The record does not reveal what, if anything, was discussed between appellant and his trial counsel during this break. There is no evidence indicating why appellant did not testify on his own behalf. Where the record is silent as to whether defense counsel advised a defendant to testify, or what reasoning was behind the decision, a claim of ineffectiveness has not been affirmatively demonstrated. *Peralta v. State*, 338 S.W.3d 598, 610 (Tex. App.—El Paso 2010, no pet.). Considering the lack of explanation in the record concerning trial counsel's strategy, appellant has not overcome the strong

presumption that counsel's performance fell within the wide range of reasonable professional representation. *Strickland*, 466 U.S. at 689. We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.